# EXHIBIT A



1

**COHELAN KHOURY & SINGER**
Isam C. Khoury (SBN 58759)
ikhoury@cklaw.com
Michael D. Singer (SBN 115301)
msinger@cklaw.com
Kristina De La Rosa (SBN 279821)
kdelarosa@cklaw.com
Rosemary C. Khoury (SBN 331307)
rkhoury@cklaw.com
605 C Street, Suite 200
San Diego, CA 92101
Telephone: (619) 595-3001/Facsimile: (619) 595-3000

2

3

4

5

6

7

8

9  Attorneys for PENNY A. SCOTT, on behalf of herself
   and other similarly-situated employees

10

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**05/21/2021** at 11:55:38 AM

Clerk of the Superior Court
By Jose Hernandez, Deputy Clerk

11           **SUPERIOR COURT OF CALIFORNIA**

12              **COUNTY OF SAN DIEGO**

13  PENNY A. SCOTT, on behalf of herself and   CASE NO.  37-2021-00022564-CU-OE-CTL
    other similarly-situated employees,
14                                              **CLASS ACTION COMPLAINT FOR**
                Plaintiff,                      **DAMAGES AND RESTITUTION**
15
                                                1.  **FAILURE TO PAY MINIMUM,**
16          v.                                      **REGULAR, AND OVERTIME WAGES**
                                                2.  **FAILURE TO PROVIDE MEAL**
17  BLACKSTONE CONSULTING, INC., a                  **PERIODS OR PAY IN LIEU**
    California Corporation; and DOES 1              **THEREOF**
18  Through 10, inclusive,                      3.  **FAILURE TO PROVIDE REST**
                                                    **PERIODS OR PAY IN LIEU**
19              Defendants.                          **THEREOF**
                                                4.  **FAILURE TO PROVIDE ACCURATE**
20                                                  **ITEMIZED WAGE STATEMENTS**
                                                5.  **FAILURE TO PAY VACATION**
21                                                  **WAGES**
                                                6.  **FAILURE TO PAY WAGES TIMELY**
22                                                  **TO SEPARATED EMPLOYEES**
                                                7.  **VIOLATIONS OF THE UNFAIR**
23                                                  **COMPETITION LAW**

24

25                                              **DEMAND FOR JURY TRIAL**

26

27

28

Class Action Complaint

*COHELAN KHOURY & SINGER*
*605 C Street, Suite 200*
*San Diego, CA 92101*

I.

**INTRODUCTION**

1.     Plaintiff PENNY A. SCOTT ("Plaintiff") brings this proposed class action against her former employer BLACKSTONE CONSULTING, INC., a California Corporation, and DOES 1-10 (collectively, "Defendants") for multiple wage and hour violations under the California Labor Code. Specifically, during all or a significant part of the applicable limitations period, or proposed "Class Period" (which is defined as any time from four years prior to the commencement of this action until the commencement of trial in the matter), Plaintiff alleges Defendants failed to: pay her and all other hourly, non-exempt employees all minimum, regular, and overtime wages for all time worked or spent under the Defendants' control due to Defendants' unlawful time rounding policy; provide all lawful meal and rest periods or pay an hour's worth of pay in lieu thereof; provide accurate, itemized wage statements; pay vacation wages owed upon separation; and timely pay all final wages.

II.

**JURISDICTION & VENUE**

2.     Venue as to each Defendant is proper in this judicial district, pursuant to Code of Civil Procedure section 395. Defendants conduct business in San Diego County, California and each Defendant is within the jurisdiction of this Court for service of process purposes. The unlawful acts alleged have a direct effect on Plaintiff and other similarly-situated employees within the State of California and San Diego County. Defendants employ numerous employees in San Diego County and in California generally. There is no federal question at issue for removal under 28 U.S.C. section 1331, as the issues herein are based solely on California statutes and law, including the Labor Code, IWC Wage Orders, and the Code of Civil Procedure.

3.     Plaintiff alleges, on information and belief, that no federal question is raised and that the Class Action Fairness Act ("CAFA"), 28 U.S.C. section 1332(d), does not apply, or in the alternative, that exceptions for local case or controversy under the CAFA do apply and prohibit removal of this action to federal court. Plaintiff is also informed and believes that

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

1   based on her rate of pay, her individual claims do not meet the necessary amount in controversy
2   to implicate traditional jurisdiction under 28 U.S.C. section 1332(a) or jurisdiction under the
3   CAFA.

### III.

### PARTIES

6   4.      Plaintiff PENNY A. SCOTT is a resident of San Diego, California. Plaintiff is a
7   former employee of Defendants. Plaintiff was employed by Defendants in the non-exempt,
8   hourly-paid position of Security Officer at the Kaiser Permanente Zion Medical Center in San
9   Diego County from approximately December 15, 2017 through March 8, 2021.

10   5.      Plaintiff alleges that she and all other non-exempt hourly employees in the State
11   of California worked under Defendants' policies and as a result, suffered the same violations
12   alleged herein.

13   6.      Plaintiff is informed and believes, and based thereon alleges, that Defendant
14   BLACKSTONE CONSULTING, INC. is a California Corporation, operating out of Los
15   Angeles, California, that hires, manages, and provides service employees to hospitals, schools,
16   universities, and industrial sites.

17   7.      Pursuant to California Labor Code sections 558 and 558.1, Defendants are
18   employers of Plaintiff, and/or persons acting on behalf of Plaintiff's employer, who violated, or
19   caused to be violated, any provision regulating minimum wages or hours and days of work in
20   the applicable order of the Industrial Welfare Commission, as well as California Labor Code
21   sections 201-204, 226, 226.7, 227.3, 510, 512, 1194, 1197, and 1198.

22   8.      At all times relevant BLACKSTONE CONSULTING, INC. did, and does,
23   transact and conduct business in the state of California and within the jurisdiction of the Court.
24   At all times relevant, BLACKSTONE CONSULTING, INC. was Plaintiff's employer for
25   purposes of the California wage and hour laws at issue in this action.

26   9.      Plaintiff is unaware of the true names, capacities, relationships, and extent of
27   participation in the conduct alleged of Defendants sued as DOES 1 through 10, but is informed
28   and believes, and based thereon alleges, that DOE Defendants are legally responsible for the

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 2 -

Class Action Complaint

wrongful conduct alleged, and sues these Defendants by such fictitious names. Plaintiff will amend this complaint when their true names and capabilities are ascertained.

10.     Plaintiff is informed and believes and, based thereon alleges, that each Defendants, directly or indirectly, or through agents or other persons, employed Plaintiff and other similarly-situated employees, and exercised control over their wages, hours, and working conditions. Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.

## IV.

## GENERAL ALLEGATIONS

11.     At all times during the Class Period, Plaintiff and similarly-situated current and former non-exempt, hourly employees were employed by Defendants and each of them, including DOE Defendants, within the state of California.

12.     During the Class Period, Defendants maintained common policies and practices applicable to Defendants' employees, including Plaintiff, which resulted in Defendants' failure to: pay required minimum, regular, and overtime wages for all time worked or spent under the Defendants' control due to Defendants' unlawful time rounding policy; provide all lawful meal and rest periods or pay an hour's worth of pay in lieu thereof; provide accurate, itemized wage statements; pay vacation wages owed upon separation; and timely pay all final wages.

13.     The California Labor Code and applicable IWC Wage Order and portions of the California Code of Regulations provide (1) that all persons employed in the State of California shall be presumed to be an hourly or non-exempt employee; (2) that all "hours worked" and subject to the control of the employer, whether exercised or not, are to be paid at least the minimum wage as determined by the State of California, and for overtime wages at 1.5 times the regular rate of pay when "hours worked" exceed 8 hours in a single day or shift, or 40 hours in a 168-total hour work or 2.0 times the regular rate of pay when "hours worked" exceed 12 hours in a single day or shift, or 8 hours on the seventh day of work in a workweek. Labor

Code sections 1194, *et seq.* provide that notwithstanding any agreement to work for a lesser wage, an employee receiving less than the legal overtime or minimum wage compensation is entitled to recover in a civil action the unpaid balance of their owed compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

14. Plaintiff and all similarly-situated employees are covered by one or more IWC Wage Order ("Wage Orders"), Labor Code section 510, and/or other applicable wage orders, regulations, and statutes, and each similarly-situated employee was not subject to an exemption for executive, administrative, or professional employees, or any other exemption. Therefore, Defendants are and were obligated to pay Plaintiff and similarly-situated employees lawful minimum and overtime compensation, as well as to provide statutory meal and rest periods.

15. Plaintiff and each similarly-situated employee worked in excess of the maximum regular rate hours set by the IWC in the above Wage Orders, regulations, or statutes, and are therefore entitled to appropriate overtime compensation at 1.5 times their regular rates of pay, and when applicable, 2.0 times their regular rates of pay as set forth by the above Wage Orders, regulations, and/or statutes.

16. During the Class Period, Defendants maintained a common policy and practice of failing to pay Plaintiff and other similarly-situated employees for all hours worked. Specifically, Plaintiff and other similarly-situated employees were subjected to a uniform policy and practice of unlawful time rounding.

17. That is, Defendants did not pay Plaintiff and other similarly-situated employees precisely for all hours worked. Instead, Defendants rounded employees' hours based on scheduled hours of work and/or to the nearest quarter hour. Over time, these rounding practices unlawfully favored Defendants and resulted in time lost to employees, including Plaintiff. This rounding policy was not neutral on its face or in application, and resulted in a cumulative loss of time to Plaintiff and other similarly-situated employees.

18. Defendants had the ability to pay for the precise hours worked, but opted instead to utilize the rounding policy with no apparent benefit other than to benefit Defendants and deprive employees of payment for all hours worked. Strict rules regarding punctuality also

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 4 -
Class Action Complaint

favored Defendants. For instance, Plaintiff and other similarly-situated employees were told they must clock in exactly at the start of their shift, or they would be considered late. To avoid being late, Plaintiff and other similarly-situated employees sometimes clocked in a few minutes early. As a result, Plaintiff and other employees were not paid all minimum and regular wages for all hours worked. When the employees worked overtime, the rounding policy also resulted in the failure to pay all overtime wages for all overtime hours worked. As a result, Plaintiff and other employees were not paid all minimum, regular, and overtime wages for all hours worked.

19.     During the Class Period, Plaintiff and other similarly-situated employees were also not paid all applicable minimum, regular, and overtime wages for the time spent working during purported meal periods.

20.     During the Class Period, Defendants subjected Plaintiff and all similarly-situated employees to policies and practices which failed to provide compliant meal and rest periods.

21.     Plaintiff and other similarly-situated employees were not provided an opportunity for each shift to take a timely, thirty-minute, uninterrupted, off-duty meal period before the end of the fifth hour of work. Plaintiff and other similarly-situated employees had to be relieved by a dispatcher or supervisor in order to take their meal periods. Because of this, Plaintiff and other similarly-situated employees often could not take their meal periods before the end of the fifth hour of work. When meal periods were provided, they were often late, short, or interrupted. Plaintiff and other similarly-situated employees were required to keep their radios on during meal periods, and they were often interrupted by dispatch on their radios during these meal periods.

22.     Further, Plaintiff and other similarly-situated employees were not provided an opportunity to take a second uninterrupted, off-duty, thirty-minute meal period on shifts lasting more than ten hours before the end of the tenth hour of work.

23.     Plaintiff and other similarly-situated employees were also not authorized or permitted to take all off-duty rest periods of at least 10 minutes to which they were entitled.

///

///

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 5 -

24.     During the Class Period, Defendants never paid one hour of wages at a regular rate of pay for each shift in which a compliant rest or meal period was not provided, as required by Labor Code section 226.7 and Sections 11 and 12 of the applicable Wage Order.

25.     During the Class Period, Defendants failed to provide accurate wage statements to Plaintiff and other similarly-situated employees. The paystubs provided to Plaintiff and other similarly-situated employees did not contain all accurate information as required by Labor Code section 226(a). For instance, because Defendants failed to pay all minimum, regular, and overtime wages, all meal and rest period premium wages, and all vacation wages, Defendants failed to accurately set forth the total gross wages earned, net wages earned, total hours worked, and all applicable hourly rates in effect and the total number of hours worked at each rate.

26.     During the Class Period, Defendants failed to record (and maintain records) reflecting when the employees began and ended each work period and meal period. Plaintiff and other similarly-situated employees were told not to clock in and out for lunch, but to write down their meal period start and end times on a piece of paper, daily. On information and belief, these handwritten records were not properly maintained by Defendants. Defendants further failed to accurately record the total hours worked, due to its rounding policy.

27.     During the Class Period, Defendants failed to pay all vacation wages owed to Plaintiff and other similarly-situated employees. Defendants did not pay all vacation wages earned and vested upon termination of employment. For instance, Plaintiff's vacation wages were paid on February 25, 2021. Her last day of employment was on or around March 4, 2021. However, Defendant did not pay any vacation wages for the time accrued between February 25, 2021 and March 4, 2021. Thus, Defendants failed to pay vacation wages that were accrued and earned between the time that she received her vacation wages and the final day of her employment. On information and belief, Defendant maintained a practice and policy of failing to pay all vacation wages to all other similarly-situated employees.

28.     During the Class Period, Defendants maintained a regular practice of failing to pay separated employees all wages owed within the time requirements of Labor Code sections 201- 202 because it did not pay all wages earned, including but not limited to all meal and rest

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 6 -

1  period premium wages; all vacation wages, and all minimum, regular and overtime wages due

2  to rounding as set forth herein.

3      29.     Defendants also did not pay a day's wages for every day final pay was not paid

4  through the date final wages were paid, as required by Labor Code section 203. Plaintiff is

5  informed and believes that Defendants have no policy or practice to comply with Labor Code

6  sections 201, 202, and 203 as to all separated employees in California by timely paying final

7  wages and paying waiting time penalty wages when failing to timely pay final wages.

8      30.     During the Class Period, Plaintiff further alleges, based on personal experience

9  and observation, that the violations of the Labor Code described herein were suffered by other

10  current and former non-exempt, hourly employees of Defendants.

11                          **V.**

12              **CLASS ACTION ALLEGATIONS**

13      31.     Plaintiff brings this class action on behalf of herself and all others similarly-

14  situated pursuant to Code of Civil Procedure section 382. The members of the Class are defined

15  as follows:

16          All individuals employed by Defendants in the State of California as
          hourly, non-exempt employees at any time four years prior to the filing of
17          this complaint until the time of trial in this action ("the Class" or "Class").

18      32.     Plaintiff also seeks to certify a subclass of employees defined as:

19          Plaintiff Subclass One ("Minimum Wages Subclass")

20          All members of the Class who, within the applicable limitations period,
          were subject to a policy of not being compensated for all hours worked or
21          under Defendants' control at the applicable minimum wage.

22      33.     Plaintiff also seeks to certify a subclass of employees defined as:

23          Plaintiff Subclass Two ("Overtime Wages Subclass")

24          All members of the Class who, within the applicable limitations period,
          were subject to a policy of not being compensated for all hours worked or
25          under Defendants' control in excess of eight hours per day and/or forty
          hours per week at the applicable overtime wage.
26

27  ///

28  ///

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 7 -

Class Action Complaint

34. Plaintiff also seeks to certify a subclass of employees defined as:

Plaintiff Subclass Three ("First Meal Period Subclass")

All members of the Class who, within the applicable limitations period, worked a shift of five hours or more and were subject to the policy and/or practice not to provide a compliant 30-minute meal period or one hour of pay at the employee's regular rate of pay in lieu thereof.

35. Plaintiff also seeks to certify a subclass of employees defined as:

Plaintiff Subclass Four ("Second Meal Period Subclass")

All members of the Class who, within the applicable limitations period, worked a shift of ten hours or more and were subject to the policy and/or practice not to provide a compliant 30-minute meal period or one hour of pay at the employee's regular rate of pay in lieu thereof.

36. Plaintiff also seeks to certify a subclass of employees defined as:

Plaintiff Subclass Five ("Rest Period Subclass")

All members of the Class who, within the applicable limitations period, worked a shift of 3.5 hours more and were subject to the policy and/or practice not to provide a compliant rest period for every 4 hours worked, or major fraction thereof, or one hour of pay at the employee's regular rate of pay in lieu thereof.

37. Plaintiff also seeks to certify a subclass of employees defined as:

Plaintiff Subclass Six ("Wage Statement Subclass")

All members of the Class who, within the applicable limitations period, were subject to the policy and/or practice of not providing accurate itemized wage statements.

38. Plaintiff also seeks to certify a subclass of employees defined as:

Plaintiff Subclass Seven ("Waiting Time Subclass")

All members of the Class who, within the applicable limitations period, either voluntarily or involuntarily separated from their employment, and were subject to Defendants' policy and/or practice of failing to timely pay wages upon termination.

39. Plaintiff also seeks to certify a subclass of employees defined as:

Plaintiff Subclass Eight ("Vacation Wages Subclass")

All members of the Class who, within the applicable limitations period, either voluntarily or involuntarily separated from their employment, and were subject to Defendants' policy and/or practice of failing to timely pay all owed vacation wages upon termination.

- 8 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

40.     Plaintiff also seeks to certify a subclass of employees defined as:

Plaintiff Subclass Nine ("The UCL Subclass")
All members of the Class who, within the applicable limitations period, are owed restitution as a result of Defendants' business acts and practices to the extent such acts and practices are found to be unlawful, deceptive, and/or unfair.

41.     Plaintiff reserves the right under California Rules of Court, Rule 3.765(b) and other applicable law to amend or modify the class definition with respect to issues or in any other ways. Plaintiff is the Named Representative and is a member of the Class. Plaintiff seeks class-wide recovery based on the allegations set forth in this complaint. The Court can define the Class and create additional subclasses as may be necessary or desirable to adjudicate common issues and claims of the Class Members if, based on discovery of additional facts, the need arises.

42.     As set forth in the Prayer, below, Plaintiff will move the Court to try the UCL Subclass Claims before the Court in Equity before trying the legal claims to a trier of fact in this action. See, *Hoopes v. Dolan* (2008) 168 Cal.App.4th 146, 156-157; *Pellegrino v. Robert Half Intern., Inc.* (2010) 181 Cal.App.4th 713 ["[B]etter practice" is for "the trial court [to] determine the equitable issues before submitting the legal ones to the jury."]. Same, *Hodge v. Superior Court* (2006) 145 Cal.App.4th 278, 284 and *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1238, 1244.

43.     This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure section 382 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable through the records Defendants are required to keep.

44.     Numerosity.  The members of the Class are so numerous that individual joinder of all of them as Plaintiffs is impracticable. While the exact number of the Class Members is unknown to Plaintiff at this time, Plaintiff is informed and believes and thereon alleges that there are more than 100 Class Members.

///

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 9 -

Class Action Complaint

45.   Commonality.  Common questions of law and fact exist as to all Class Members and predominate over any questions that affect only individual members of the Class. These common questions include, but are not limited to:

46.   Whether Defendants violated Labor Code sections 510, 1197, or 1194 by failing to pay minimum, regular, and/or overtime wages for all hours worked, including time subject to Defendants' control, including due to Defendants' unlawful time rounding policy;

47.   Whether Defendants violated Labor Code sections 201 and/or 202 by not paying Class Members who are no longer employed by Defendants all earned wages upon their termination of employment; and if so, whether such violations were "willful" within the meaning of Labor Code section 203;

48.   Whether Defendants violated Labor Code section 226 by failing to include all required accurate information on employees' wage statements, and if so, whether this failure was willful;

49.   Whether Defendants violated Labor Code sections 512 and 226.7, and section 11 of the applicable wage order, by failing to provide compliant first and second meal periods, or pay one hour of pay in lieu thereof for each missed, untimely, or interrupted meal period;

50.   Whether Defendants violated Labor Code section 226.7 and section 12 of the applicable wage order by failing to provide compliant rest periods, or pay one hour of pay in lieu thereof for each non-compliant or missed rest period;

51.   Whether Defendants violated Labor Code section 227.3 by failing to pay all vacation wages owed to employees upon termination of employment;

52.   Whether Defendants engaged in business acts or practices which violate California's Unfair Competition Law ("UCL") as it relates to their policies and practices as to wages and pay;

53.   To what extent any injuries were sustained by the Class and Plaintiff Subclass Members and the appropriate type and/or measure of damages; and

- 10 -
Class Action Complaint

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

54. To what extent each Defendant, including each DOE defendant, is liable to the Class and Plaintiff Subclass Members.

55. <u>Typicality.</u>  Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff and other members of the Class were subject to the same policies and practices of Defendants resulting in underpayment for straight-time and overtime hours, in part due to rounding. Defendants failed to provide accurate, itemized wage statements to Plaintiff and members of the Class. Defendants did not provide compliant meal or rest periods or pay premiums in lieu thereof. Defendants also failed to pay all wages, including vacation wages, owed to Plaintiff and Class Members upon termination of employment.

56. <u>Adequacy.</u>  Plaintiff will adequately and fairly protect the interests of the members of the Class. Plaintiff has no interest adverse to the interests of absent Class Members. Plaintiff is represented by attorneys who have substantial experience in wage-and-hour and class action law.

57. <u>Superiority.</u>  A class action is superior to other available means for fair and efficient adjudication of the claims of the Class and would be beneficial for the parties and the Court. Class action treatment will allow a large number of similarly-situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. The damages suffered by each Class Member are relatively small in the sense pertinent to class action analysis, and the expense and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to seek and obtain individual relief. A class action will serve an important public interest by permitting such individuals to effectively pursue recovery of the sums owed to them. Further, class litigation prevents the potential for inconsistent or contradictory judgments raised by individual litigation.

///

///

///

///

Class Action Complaint

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

# VI.
## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### FAILURE TO PAY MINIMUM, REGULAR, AND OVERTIME WAGES
(Labor Code §§ 204, 510, 1194, 1194.2, 1197, and 1198)
(On Behalf of Plaintiff and the Rounding Subclass Against Each Defendant)

58.     Plaintiff incorporates and re-alleges the preceding paragraphs as if set forth in full herein.

59.     Labor Code section 1197 states: "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than minimum wage so fixed is unlawful."

60.     Labor Code section 1198 states: "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

61.     Labor Code section 1194 states: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of his minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit."

62.     Labor Code section 1194.2 allows employees to seek liquidated damages equal to the amount of minimum wages unlawfully withheld, plus interest.

63.     Section 4 of the applicable IWC Wage Order provides that an employer may not pay employees less than the applicable minimum wage for all hours worked.

64.     Labor Code section 510 provides in pertinent part: "Eight hours of labor constitutes a day's work. Any work in excess of 8 hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

65.    Section 3 of the applicable IWC Wage Order provides that an employer may not pay non-exempt employees less than the applicable overtime rate for all overtime hours worked.

66.    Labor Code section 204 states, in pertinent part: "All wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays."

67.    As set forth herein, Defendants willfully breached their obligation and failed to pay Plaintiff and Members of the Minimum Wages and Overtime Wages Subclasses all minimum, regular, and overtime wages for all hours worked, including due to Defendants' unlawful rounding policy, all in violation of Labor Code sections 204, 510, 1197, 1194 and 1198 and the applicable Wage Order.

68.    As a result of the unlawful acts of Defendants, Plaintiff and the Minimum Wages and Overtime Wages Subclasses Plaintiff seeks to represent have been deprived of wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest thereon, liquidated damages in an amount equal to the minimum wages unlawfully unpaid, attorneys' fees, and costs to the fullest extent permitted by law.

69.    Plaintiff, and the Minimum Wages and Overtime Wages Subclasses she seeks to represent, request relief as described below.

## SECOND CAUSE OF ACTION
### FAILURE TO PROVIDE MEAL PERIODS OR PAY IN LIEU THEREOF
(Labor Code §§ 226.7 and 512; § 11 of the Applicable IWC Wage Order)
(On Behalf of Plaintiff and the First and Second Meal Period Subclasses Against Each Defendant)

70.    Plaintiff incorporates and re-alleges the preceding paragraphs as if set forth in full herein.

///

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

71.   At all relevant times during the Class Period, Plaintiff and all other members of the Class were employees of Defendants covered by Labor Code sections 226.7 and 512, and the applicable Wage Order.

72.   Labor Code section 512(a) provides:

An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee.  An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

73.   Labor Code section 226.7 provides:

(b) An employer shall not require any employee to work during any meal or rest... period mandated pursuant to... an applicable... order of the Industrial Welfare Commission.

(c) If an employee fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal period or rest period is not provided.

74.   Section 11(A) of the applicable Wage Order provides, in pertinent part: "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes..."

75.   Section 11(B) of the applicable Wage Order provides, in pertinent part: "An employer may not an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes..."

76.   As set forth herein, Defendants failed to provide Plaintiff and Members of the First and Second Meal Period Subclasses with compliant meal periods as provided in Labor Code sections 226.7 and 512, and failed to pay them the additional pay at the employee's regular rate of compensation for each work day such a meal period was not provided in lieu thereof.

///

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

77.     As a result of Defendants' failure to comply with their obligations under Labor Code sections 226.7 and 512, and the applicable Wage Order, Plaintiff and the Members of the First and Second Meal Period Subclasses have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed for the Defendants' failure to provide meal periods as required by law.

78.     Plaintiff and the First and Second Meal Period Subclasses she seeks to represent are entitled to recover the full amount of their unpaid additional pay for Defendants' failure to provide statutory meal periods as required by law. Pursuant to Labor Code section 218.6, Plaintiff and other Members of the First and Second Meal Period Subclasses are entitled to recover prejudgment interest on the amount of the additional pay owed.

79.     Plaintiff, and the First and Second Meal Period Subclasses she seeks to represent, request relief as described below.

### THIRD CAUSE OF ACTION
### FAILURE TO PROVIDE REST PERIODS OR PAY IN LIEU THEREOF
#### (Cal. Labor Code § 226.7; § 12 of the Applicable IWC Wage Order)
#### (On behalf of Plaintiff and the Rest Period Subclass Against Each Defendant)

80.     Plaintiff incorporates and re-alleges the preceding paragraphs as if set forth in full herein.

81.     At all relevant times during the Class Period, Plaintiff and all other members of the Class were employees of Defendants covered by Labor Code section 226.7 and the applicable Wage Order.

82.     Labor Code section 226.7 provides:

> (b) An employer shall not require any employee to work during any meal or rest... period mandated pursuant to... an applicable... order of the Industrial Welfare Commission.

> (c) If an employee fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal period or rest period is not provided.

///

- 15 -
Class Action Complaint

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

83.    Section 12(A) of the applicable Wage Order provides, in pertinent part:

"Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (31/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

84.    Section 12(B) of the applicable wage order provides, in pertinent part: "If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

85.    As set forth herein, Defendants failed to provide Plaintiff and members of the Rest Period Subclass with compliant rest periods as provided in Labor Code section 226.7 and failed to pay them the additional pay at the employee's regular rate of compensation for each workday in lieu of providing timely, off-duty rest period(s).

86.    As a result of Defendants' failure to comply with their obligations under Labor Code section 226.7 and the applicable Wage Order, Plaintiff and the Members of the Rest Period Subclass have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed for the Defendants' failure to provide rest periods as required by law.

87.    Plaintiff and the Rest Period Subclass she seeks to represent are entitled to recover the full amount of their unpaid additional pay for Defendants' failure to provide statutory rest periods as required by law. Pursuant to Labor Code section 218.6, Plaintiff and other members of the Rest Period Subclasses are entitled to recover prejudgment interest on the amount of the additional pay owed.

88.    Plaintiff, and the Rest Period Subclass she seeks to represent, request relief as described below.

///

///

- 16 -

Class Action Complaint

## FOURTH CAUSE OF ACTION
### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS
### (Labor Code §§ 226 and 1174)
### (On Behalf of Plaintiff and the Wage Statement Subclass Against Each Defendant)

89.     Plaintiff incorporates and re-alleges the preceding paragraphs as if set forth in full herein.

90.     Labor Code section 226, subdivision (a) requires Defendants to itemize in wage statements total hours worked by Plaintiff and members of the Class, along with gross and net wages earned, and all applicable hourly rates and the total number of hours worked at each corresponding rate.

91.     Labor Code section 1174 requires Defendants to maintain and preserve, in a centralized location, among other items, records showing the names and addresses of all employees employed and payroll records showing the hours worked daily by, and wages paid to, their employees.

92.     Section 7 of the applicable Wage Order requires Defendants to maintain time records showing, including but not limited to, when the employee begins and ends each work period and meal period, split shift intervals, and total daily hours worked in itemized wage statements, and must show all deductions from payment of wages, and accurately report total hours worked by Plaintiff and members of the Class.

93.     As set forth herein, Defendants failed to provide accurate itemized wage statements reflecting all of the required information, all in violation of Labor Code section 226. Defendants have knowingly and intentionally failed to comply with Labor Code section 226, subdivision (a) on each and every wage statement that should have been provided to Plaintiff and members of the Class by failing to list the correct total hours worked, gross and net wages earned, and all applicable hourly rates and the total number of hours worked at each rate. Defendants also failed to maintain accurate records of when employees began and ended work and meal periods, in violation of Labor Code section 1174.

94.     Plaintiff and members of the Wage Statement Subclass suffered injuries as a result of Defendants' intentional and knowing failure to provide Plaintiff and Class Members

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

1   with accurate wage statements and to maintain the writings required by Labor Code section

2   226(a).

3        95.     As a result of the unlawful acts of Defendants, Plaintiff and members of the

4   Wage Statement Subclass have suffered and continue to suffer substantial injuries, losses and

5   actual damages related to Defendants' violations, including lost wages, lost interest on such

6   wages, and expenses and attorney's fees in seeking to compel Defendants to fully perform their

7   obligations.

8        96.     Plaintiff, and the Wage Statement Subclass she seeks to represent, request relief

9   as described below.

10   **FIFTH CAUSE OF ACTION**
**FAILURE TO PAY VACATION WAGES**

11   **(Labor Code § 227.3)**
**(On Behalf of Plaintiff and the Vacation Wages Subclass Against Each Defendant)**

12

13        97.     Plaintiff incorporates and re-alleges the preceding paragraphs as if set forth in

14   full herein.

15        98.     Labor Code section 227.3 provides: "Unless otherwise provided by a collective-

16   bargaining agreement, whenever a contract of employment or employer policy provides for

17   paid vacations, and an employee is terminated without having taken off his vested vacation

18   time, all vested vacation shall be paid to him as wages at his final rate in accordance with such

19   contract of employment or employer policy respecting eligibility or time served; provided,

20   however, that an employment contract or employer policy shall not provide for forfeiture of

21   vested vacation time upon termination. The Labor Commissioner or a designated

22   representative, in the resolution of any dispute with regard to vested vacation time, shall apply

23   the principles of equity and fairness."

24        99.     As set forth herein, Defendants failed to pay all vacation wages owed to

25   employees upon termination of their employment, in violation of Labor Code section 227.3.

26        100.    As a result of the unlawful acts of Defendants, Plaintiff and the Vacation Wages

27   Subclass Plaintiff seeks to represent have been deprived of vacation wages in amounts to be

28   determined at trial, and are entitled to recovery of such amounts, plus interest thereon,

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 18 -

Class Action Complaint

attorneys' fees, and costs to the fullest extent permitted by law.

101.    Plaintiff, and the Vacation Wages Subclass she seeks to represent, request relief as described below.

## SIXTH CAUSE OF ACTION
### FAILURE TO PAY WAGES TIMELY TO SEPARATED EMPLOYEES
#### (Labor Code §§ 201-203)
**(On Behalf of Plaintiff and the Waiting Time Subclass Against Each Defendant)**

102.    Plaintiff incorporates and re-alleges the preceding paragraphs as if set forth in full herein.

103.    Labor Code sections 201 and 202 require Defendants to pay employees all wages due no later than 72 hours after resignation from employment, or immediately in the case of discharge by the employer. Labor Code section 203 provides that if an employer willfully fails to timely pay such wages, then the employer must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced. The penalty cannot exceed 30 days of wages.

104.    Defendants willfully failed to timely pay wages to employees who were voluntarily and/or involuntarily were terminated from their employment within the time requirements set forth in Labor Code sections 201 and 202.  Plaintiff is informed and believes that Defendants' pay practices are continuing such that current employees are not being timely paid wages as they work in violation of law.

105.    More than 30 days have passed since Plaintiff and members of the Waiting Time Subclass have left Defendants' employ.

106.    As set forth herein, Plaintiff and the proposed Waiting Time Subclass are entitled to compensation for unpaid minimum, regular, and overtime wages, and premium wages for non-compliant meal and rest periods, but to date have not received such compensation.

107.    As a consequence of Defendants' willful conduct in not paying wages owed, separated members of the Class are entitled to 30 days' wages as a penalty under Labor Code section 203 for failure to pay legal wages, with interest and attorneys' fees and costs.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

1     108.    Plaintiff, and the Waiting Time Subclass she seeks to represent, request relief as

2   described below.

3                            **SEVENTH CAUSE OF ACTION**

              **VIOLATIONS OF THE UNFAIR COMPETITION LAW**

4                 **(Business and Professions Code §§ 17200, *et seq.*)**

5      **(On Behalf of Plaintiff and the UCL Subclass Against Each Defendant)**

6     109.    Plaintiff incorporates and re-alleges the preceding paragraphs as if set forth in

7   full herein.

8     110.    Defendants' systematic and routine failure to pay minimum, regular, and

9   overtime wages, meal and rest period premiums, and vacation wages constitutes unlawful,

10   deceptive, and unfair business acts or practices within the meaning of Business and Professions

11   Code sections 17200, *et seq.* These practices violated the applicable State of California

12   Industrial Welfare Commission Wage Orders, regulations and statutes, or are practices which

13   are otherwise unfair, deceptive, and unlawful.

14     111.    This cause of action is brought under Business and Professions Code sections

15   17203 and 17204, commonly called the Unfair Competition Law. Under this cause of action

16   and pursuant to Business and Professions Code section 17208, Plaintiff and members of the

17   proposed UCL Subclass seek restitution of premium wages and other pay owed, where such

18   wages were due during the Class Period, according to proof.

19     112.    This cause of action is brought as a cumulative remedy as provided in Business

20   and Professions Code section 17205, and is intended as an alternative remedy for restitution for

21   Plaintiff, the "Minimum Wages Subclass," the "Overtime Wages Subclass," the "Regular Rate

22   Subclass," the "First Meal Period Subclass," the "Second Meal Period Subclass," the "Rest

23   Period Subclass," and/or the "Vacation Wages Subclass" for any portion of time commencing

24   within three (3) years before filing this complaint, and as the primary remedy for Plaintiff and

25   aforementioned Subclasses for any portion of time during the *fourth year* before filing this

26   Complaint, as this period of time exceeds the general three-year statute of limitations on

27   statutory wage claims, and is a basis for restitution for all wage claims on an equitable basis

28   and subject to court adjudication.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

113.    As a result of Defendants' unlawful and unfair business practices, described above, the Subclasses listed above have suffered damages and are entitled to restitution in an amount according to proof for a time period of four years prior to the filing of this Complaint and until such time as (1) Defendants cease their unlawful business practices, (2) the commencement of trial, and/or (3) a date otherwise determined by the Court pursuant to the laws of California.

114.    Plaintiff, on behalf of herself and the proposed UCL Subclass, requests the violations of each Defendant be enjoined, and other equitable relief be provided, as this court deems proper, including an order requiring Defendants to make tax contributions on the accrued wages in the form of FICA, Social Security, Medicare, Unemployment Insurance, or other appropriate payments. Defendants' conduct, business acts, and practices undermined competition and were done in order to avoid costs other lawful employers comply with in order to avoid payment of full compensation, wages, and statutory penalties owed.

115.    Plaintiff, and the members of the UCL Subclass he seeks to represent, request relief as described below, including restitution owed, in an amount according to proof, and for reasonable costs of suit and reasonable attorney's fees as provided by the Labor Code, Code of Civil Procedure section 1021.5, or other applicable law.

## VII.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff PENNY A. SCOTT, on behalf of herself and all other similarly-situated employees, prays for judgment as follows:

a.    For certification of this action as a class action pursuant to Code of Civil Procedure section 382;

b.    For appointment of Plaintiff as the representative of the Class and Subclasses;

c.    For appointment of counsel for Plaintiff as Class Counsel;

d.    For an order bifurcating the action into liability and damages stages, or as otherwise efficient for the administration of justice;

///

Class Action Complaint

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

e.      On the First Cause of Action, for unpaid minimum, regular, and/or overtime wages as required by Labor Code sections 510, 1194-1197 in an amount according to proof;

f.      On the First Cause of Action, for liquidated damages under Labor Code section 1194.2 for each "Minimum Wages" and "Overtime Wages" Subclass Member for unpaid minimum wages under Labor Code section 1194;

g.      On the Second Cause of Action for unpaid Premium Wages for non-compliant meal periods at one hour of regular rate of pay to each "First Meal Period" and "Second Meal Period" Subclass Member pursuant to Labor Code sections 226.7 and 512, and Section 11 of the applicable Wage Order;

h.      On the Third Cause of Action for unpaid Premium Wages for non-compliant rest periods at one hour of regular rate of pay to each "Rest Period" Subclass Member pursuant to Labor Code section 226.7 and Section 12 of the applicable Wage Order;

i.      On the Fourth Cause of Action for statutory damages and penalties under Labor Code sections 226(e) and (g), to the extent provided by law, up to a maximum of $4,000.00 per "Wage Statement" Subclass Member, in an amount according to proof;

j.      On the Fifth Cause of Action, for unpaid vacation wages as required by Labor Code section 227.3 in an amount according to proof;

k.      On the Sixth Cause of Action, for statutory damages of up to 30 days of pay at the regular rate of pay for failing to timely remit payment of wages to former employees in the "Waiting Time Subclass" pursuant to Labor Code sections 201-203, in an amount according to proof;

l.      On the Seventh Cause of Action, for the UCL Subclass, to recover all restitution for minimum, regular, and overtime wages, meal and rest period premiums, vacation wages, and any other form of wages that were not paid to members of the UCL Subclass during the Class Period as a result of conduct of all Defendants. Said restitution may be calculated in accordance with California Business and Professions Code sections 17203 and 17204, including trial of UCL claims by the Court in equity before legal claims in an amount according to proof;

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 22 -

m.      For Pre-Judgment and Post-Judgment interest, to the extent permitted by law as to any restitution recovery;

n.      For Attorneys' fees and costs of suit, including expert fees and fees pursuant to California Labor Code sections 218.5, 1194, and/or Code of Civil Procedure section 1021.5 on a public benefit theory; and all other applicable state laws;

o.      For injunctive relief; and

p.      Such other legal equitable relief as this Court deems necessary, just, equitable and proper.

COHELAN KHOURY & SINGER

Dated: May 21, 2021              By: _____
                                               Michael D. Singer
                                               Kristina De La Rosa
                                               Counsel for Plaintiff PENNY A. SCOTT, on behalf of
                                               herself and other similarly-situated employees

## VIII.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial of all claims triable as of right by jury.

COHELAN KHOURY & SINGER

Dated: May 21, 2021              By: _____
                                               Michael D. Singer
                                               Kristina De La Rosa
                                               Counsel for Plaintiff PENNY A. SCOTT, on behalf of
                                               herself and other similarly-situated employees

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 23 -

Class Action Complaint