UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENNY SCOTT,<br><br>                Plaintiff,<br><br>v.<br><br>BLACKSTONE CONSULTING, INC.,<br><br>                Defendant. | Case No. 21cv1470-MMA-KSC<br><br>**ORDER DENYING JOINT MOTION TO STAY CASE**<br><br>[Doc. No. 7] |

Plaintiff Penny Scott brings this putative wage and hour class action against Defendant Blackstone Consulting, Inc.[1] *See* Doc. No. 1-2. The parties now jointly move to stay the action, asserting that they "are actively seeking to confirm a private mediator in March 2022" and have "agreed that to focus on an informal exchange of information/documents and an early mediation, the case should be stayed in all respects for at least six months, except that Plaintiff will file a Motion to Remand." Doc. No. 7 at 2-3.[2] The parties further request that the Court "continue the October 13, 2021 Case Management and ENE Conferences by at least six months, including the Confidential ENE Statements, Rule 26(a) disclosures, and the Joint Discovery Plan, to allow the Parties to participate in an early mediation." *Id*. at 3.

---

[1] Defendant removed this action from San Diego County Superior Court. *See* Doc. No. 1.

[2] Citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

In light of the parties' joint motion, the assigned magistrate judge vacated the previously scheduled Early Neutral Evaluation conference and will instead convene a telephonic status conference with counsel in November.  *See* Doc. No. 11.  Accordingly, the formal commencement of discovery is effectively stayed pursuant to this District's Civil Local Rules and the applicable Federal Rules of Civil Procedure.  *See* CivLR 16.1.c.2(b) ("the judicial officer must hold a case management conference within thirty (30) days *after* the ENE conference") (emphasis added); CivLR 16.1.d ("At a reasonable time *before* [the case management] conference all counsel will discuss discovery . . ..") (emphasis in original); *see also* Fed. R. Civ. P. 26(f)(1) (providing that the requisite discovery conference need not take place until "at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)."); Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized . . . by stipulation.'").

Meanwhile, the parties indicate that Plaintiff intends to file a motion seeking to remand this action to state court.[3]  *See* Doc. No. 7 at 2 ("Plaintiff intends to file a Motion to Remand this action to state court on the basis that this Court lacks subject matter jurisdiction by October 1, 2021.").  Based on this representation and the anticipated motion practice, a stay of this action in its entirety would not be appropriate.

Accordingly, the Court **DENIES** the parties' joint motion without prejudice to renewing their request in the event Plaintiff declines to file a motion to remand.

**IT IS SO ORDERED**.

DATE: September 22, 2021

HON. MICHAEL M. ANELLO
United States District Judge

---

[3] The Court advises the parties that pursuant to the undersigned's Civil Chambers Rule III and Civil Local Rule 7.1.b, Plaintiff's counsel must obtain a hearing date from Chambers staff prior to filing a motion to remand.