# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENNY A. SCOTT, on behalf of herself and other similarly-situated employees,<br>Plaintiff,<br>vs.<br>BLACKSTONE CONSULTING, INC., a California Corporation; and DOES 1 Through 10, inclusive,<br>Defendants. | Case No. 21-cv-1470-MMA-KSC<br><br>**PROTECTIVE ORDER** |

The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the parties. The parties have agreed to be bound by the terms of this proposed Protective Order ("Order") in this action upon entry of the Order by the Court.

The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or confidential research, technical, cost, price, marketing, development, or commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G). The purpose of this proposed Order, if entered by the Court, is to protect the confidentiality of such materials as set forth herein. THEREFORE:

## DEFINITIONS

1. The term "Confidential Information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be Confidential Information by any party to which it belongs.

2. The term "Materials" is to be broadly construed and includes, but is not limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; notices, price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; spreadsheets; databases; electronic mail; text messages; files; recordings; photographs; digital images; machine-readable media; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes

(including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

3.   The term "Counsel" will mean counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed [as employees or partners] in the law firms of McDermott Will & Emery LLP and Cohelan Khoury & Singer, and in -house attorneys for the Parties.

## GENERAL RULES

4.   Each party to this litigation, and any third party, that produces or discloses any materials, answers to interrogatories, responses to requests for admission, responses to subpoenas, trial, testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

    a.   Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party.

    b.   Designation as "CONFIDENTIAL - FOR COUNSEL ONLY": Any party may designate Confidential Information as "CONFIDENTIAL - FOR COUNSEL ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research development, financial or other commercial information.

5.   In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced will be

considered as "CONFIDENTIAL - FOR COUNSEL ONLY," and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the receiving party, the producing party must, within a reasonable time prior to producing those materials to the receiving party, mark the copies of those materials that contain Confidential Information with the appropriate confidentiality marking.

      6.    Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

          a.    The deposition or portions of the deposition may be designated as containing Confidential Information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

          b.    The disclosing party will have the right to exclude from attendance at the deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, Defendant, Plaintiff(s), counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to Paragraphs 8 and 9 below; and

          c.    The originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY," as appropriate, and the original or any copy ultimately presented to a court for

filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

7. All Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" must not be disclosed by the receiving party to anyone other than those persons designated within this Order and must be handled in the manner set forth below and, in any event, must not be used for any business or other purpose except other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

8. Confidential Information designated "CONFIDENTIAL - FOR COUNSEL ONLY" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, and by independent expert, with whom Counsel for the parties find it necessary to consult.

9. Confidential Information designated "CONFIDENTIAL" must be viewed only by (1) Counsel (as defined in paragraph 3) of the receiving party, (2) the Parties, (3) by designated internal personnel of the receiving party, (4) by independent experts pursuant to the terms set forth in Paragraph 8, (5) by court personnel, and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms by signing the form attached as Exhibit A, (6) third party technical or support personnel of the parties, with whom Counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action, (7) by jury consultants and graphic artists retained by the parties, and (8) Stenographic and clerical employees associated with the any of the foregoing (provided that each such individual has reviewed this Order in advance of disclosure and has agree to be bound by its terms by signing the form attached as Exhibit A.

10. With respect to Confidential Information designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, may be shown the same.

11. All information which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL -FOR COUNSEL ONLY" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party identified in paragraph 3, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

12. Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, the party seeking to file such material must lodge the papers under seal, accompanied by a motion for an order sealing the document in accordance with the requirements imposed by applicable law.  Nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel. The parties shall follow and abide by applicable law, including Civ. L.R. 79.2, ECF Administrative Policies and Procedures, Section II.j, and the chambers' rules, with respect to filing documents under seal.

13. At any stage of these proceedings, any party may object to a designation of the materials as Confidential Information.  The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection.  If the dispute is not resolved consensually between the parties within seven (7) days of receipt of such a notice of objection, the objecting party may move the Court for a ruling on the objection.  The materials at issue must

be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

14. All Confidential Information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party, and each person receiving Confidential Information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to retrieve such information and prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

15. No party will be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

16. If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

17. Nothing in this Order will be read to endorse or prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

18. Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed.

19. This Order will be without prejudice to the right of any party to oppose production of any Confidential Information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order may not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

20. Nothing within this Order will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court, but the party required to make such disclosure shall take reasonable steps to protect the confidentiality of the Confidential Information and shall immediately notify the other party of the required disclosure and, to the extent reasonably possible, giving the other party sufficient time to seek protection of the confidentiality of the Confidential Information.

21. Upon final termination of this action, including any and all appeals, counsel for each party must, upon request of the producing party, return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, outside counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained

information. Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

22. The restrictions and obligations set forth within this Order will not apply to any information that: (a) the parties agree, or the Court rules, should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) the parties agree, or the Court rules, has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

23. The restrictions and obligations within this Order will not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession of that information.

24. Transmission by electronic mail (e-mail) is required for all notification purposes within this Order.

25. This Order may be modified by agreement of the parties, subject to approval by the Court.

26. The Court may modify this protective order in the interests of justice or for public policy reasons.

**IT IS SO ORDERED**

Dated: August 18, 2022

Hon. Karen S. Crawford
United States Magistrate Judge

# EXHIBIT A

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENNY A. SCOTT, on behalf of herself and other similarly-situated employees,<br><br>Plaintiff,<br><br>vs.<br><br>BLACKSTONE CONSULTING, INC., a California Corporation; and DOES 1 Through 10, inclusive,<br><br>Defendants. | CASE NO. Case No. 21-cv-1470-MMA-KSC<br><br><br>AGREEMENT TO BE BOUND BY PROTECTIVE ORDER |

I, _____, declare and say that:

1. I am employed as _____ by _____.

2. I have read the Protective Order entered in Penny A. Scott v. Blackstone Consulting, Inc., *et al*, Case No. 21-cv-1470-MMA-KSC and have received a copy of the Protective Order.

3. I promise that I will use any and all "CONFIDENTIAL" or "CONFIDENTIAL - FOR OUTSIDE COUNSEL ONLY" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in the litigation of this matter.

4. I promise that I will not disclose or discuss such "CONFIDENTIAL" or "CONFIDENTIAL - FOR OUTSIDE COUNSEL ONLY" information with anyone other than the persons described in Paragraphs 8 and 9 of the Protective Order.

5. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Southern District of California with respect to enforcement of the Protective Order.

6. I understand that any disclosure or use of "CONFIDENTIAL" or "CONFIDENTIAL - FOR OUTSIDE COUNSEL ONLY" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____   Signature: _____