**COHELAN KHOURY & SINGER**
Isam C. Khoury (SBN 58759)
ikhoury@ckslaw.com
Michael D. Singer (SBN 115301)
msinger@ckslaw.com
Rosemary C. Khoury (SBN 331307)
rkhoury@ckslaw.com
605 C Street, Suite 200
San Diego, CA 92101
Telephone: (619) 595-3001/Facsimile: (619) 595-3000

Attorneys for Penny A. Scott
[Additional counsel listed on following page]

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PENNY A. SCOTT, TIFFANY LOCKETT, TOCASHEMA WILLIAMS, AHMIR RINGO, KAWANA ANDERSON, on behalf of themselves and other aggrieved and similarly-situated employees,<br><br>    Plaintiffs,<br><br>    v.<br><br>BLACKSTONE CONSULTING, INC., a California Corporation; and DOES 1 Through 10, inclusive,<br><br>    Defendants. | CASE NO. 21CV1470 MMA (KSC)<br>**SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND RESTITUTION AND REPRESENTATIVE ACTION PURSUANT TO THE PRIVATE ATTORNEYS GENERAL ACT ("PAGA")**<br><br>**1. FAILURE TO PAY MINIMUM, REGULAR, AND OVERTIME WAGES**<br>**2. FAILURE TO PROVIDE MEAL PERIODS OR PAY IN LIEU THEREOF**<br>**3. FAILURE TO PROVIDE REST PERIODS OR PAY IN LIEU THEREOF**<br>**4. FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**<br>**5. FAILURE TO PAY VACATION WAGES**<br>**6. FAILURE TO PAY WAGES TIMELY TO SEPARATED EMPLOYEES** |

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

7. **FAILURE TO REIMBURSE BUSINESS EXPENSES**
8. **VIOLATIONS OF THE UNFAIR COMPETITION LAW**
9. **PAGA CIVIL PENALTIES FOR FAILURE TO PAY MINIMUM, REGULAR, AND OVERTIME WAGES**
10. **PAGA CIVIL PENALTIES FOR FAILURE TO PROVIDE MEAL PERIODS OR PAY IN LIEU THEREOF**
11. **PAGA CIVIL PENALTIES FOR FAILURE TO PROVIDE REST PERIODS OR PAY IN LIEU THEREOF**
12. **PAGA CIVIL PENALTIES FOR FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**
13. **PAGA CIVIL PENALTIES FOR FAILURE TO MAINTAIN ACCURATE RECORDS**
14. **PAGA CIVIL PENALTIES FOR FAILURE TO PROVIDE VACATION WAGES**
15. **PAGA CIVIL PENALTIES FOR FAILURE TO TIMELY PAY WAGES DUE DURING EMPLOYMENT AND UPON SEPARATION FROM EMPLOYMENT**
16. **PAGA CIVIL PENALTIES FOR FAILURE TO REIMBURSE BUSINESS EXPENSES**

**DEMAND FOR JURY TRIAL**

**DIVERSITY LAW GROUP, P.C.**
Larry W. Lee (SBN 228175)
lwlee@diversitylaw.com
Max W. Gavron (SBN 291697)
mgavron@diversitylaw.com
Kwanporn "Mai" Tulyathan (SBN 316704)
ktulyathan@diversitylaw.com
515 S. Figueroa Street, Suite 1250
Los Angeles, CA 90071
Telephone: (213) 488-6555/Facsimile: (213) 488-6554

**POLARIS LAW GROUP**
William L. Marder (SBN 170131)
bill@polarislawgroup.com
501 San Benito Street, Suite 200
Hollister, CA 95023
Telephone: (831) 531-4214/Facsimile: (831) 634-0333

Attorneys for Plaintiffs Tiffany Lockett and Tocashema Williams

**LAWYERS for J USTICE, PC**
Edwin Aiwazian (SBN 232943)
edwin@calljustice.com
Arby Aiwazian (SBN 269827)
arby@calljustice.com
Joanna Ghosh (SBN 272479)
joanna@calljustice.com
410 West Arden Avenue, Suite 203
Glendale, CA 91203
Telephone: (818) 265-1020/Facsimile: (818) 265-1021

Attorneys for Plaintiffs Ahmir Ringo and Kawana Anderson

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Second Amended Complaint                    Case No. 21CV1470 MMA (KSC)

# I.

# <u>INTRODUCTION</u>

1.      Plaintiffs PENNY A. SCOTT, TIFFANY LOCKETT, TOCASHEMA WILLIAMS, AHMIR RINGO, KAWANA ANDERSON ("Plaintiffs") bring this proposed class action and PAGA Representative Action against their former employer BLACKSTONE CONSULTING, INC., a California Corporation, and DOES 1-10 (collectively, "Defendants") for multiple wage and hour violations under the California Labor Code. Specifically, during all or a significant part of the applicable limitations period, or proposed "Class Period" (which is defined as any time from four years prior to the commencement of this action until the commencement of trial in the matter), Plaintiffs allege Defendants failed to: pay them and all other hourly, non-exempt employees all minimum, regular, and overtime wages for all time worked or spent under the Defendants' control due to Defendants' unlawful time rounding policy; provide all lawful meal and rest periods or pay an hour's worth of pay in lieu thereof; provide accurate, itemized wage statements; maintain accurate records; pay vacation wages owed upon separation; reimburse business expenses; and timely pay all wages due during employment and upon separation from employment.

2.      Plaintiffs Scott, Ringo, and Anderson bring this lawsuit as a PAGA Representative Action on behalf of the state of California, and aggrieved current and former employees. Pursuant to Labor Code sections 2698, *et seq*., Plaintiffs Scott, Ringo, and Anderson seek to recover civil penalties, and reasonable attorney's fees and costs. Plaintiffs Scott, Ringo, and Anderson, by operation of law, have standing and capacity to sue as representatives of the State of California. Plaintiffs Scott, Ringo, and Anderson mailed written notice of the specific provisions of the code that Defendants violated, including the facts and theories to support the alleged violations, to the California Labor and Workforce Development Agency ("LWDA") and to BLACKSTONE CONSULTING, INC.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Second Amended Complaint                                    Case No. 21CV1470 MMA (KSC)

on May 11, 2021, November 12, 2021, and July 7, 2022, respectively. Defendants did not provide notice of cure and the LWDA did not provide notice of investigation in the 65 days of the May 11, 2021, November 12, 2021, and July 7, 2022 mailings of the PAGA notices.

3.    Pursuant to Cal Labor Code sections 2698, *et seq*., Plaintiffs Scott, Ringo, and Anderson seek to represent all current and former aggrieved employees of Defendants who suffered one or more of the alleged violations ("aggrieved employees") as described herein during the applicable limitations period for the time period covered by the PAGA. The applicable limitations period is referred herein as "the PAGA Period."

## II.
## JURISDICTION & VENUE

4.    Defendants removed this action to this Court on August 18, 2021 pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. section 1331, and 28 U.S.C. section 1446(b) from the Superior Court of the State of California, County of San Diego. Venue is proper in the United States District Court, Southern District of California to the extent this Court has jurisdiction under the CAFA and/or diversity jurisdiction.

## III.
## PARTIES

5.    Plaintiff PENNY A. SCOTT is a resident of San Diego, California. Plaintiff Scott is a former employee of Defendants. Plaintiff Scott was employed by Defendants in the non-exempt, hourly-paid position of Security Officer at the Kaiser Permanente Zion Medical Center in San Diego County from approximately December 15, 2017 through March 8, 2021.

6.    Plaintiff TIFFANY LOCKETT is a resident of Perris, in the County of Riverside, California. Plaintiff Lockett is a former employee of Defendants. Plaintiff Lockett was employed by Defendants in the non-exempt, hourly-paid

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

position of Security Officer at Kaiser Permanente Hospital in Riverside County from approximately August 2021 through January 2022.

7.    Plaintiff TOCASHEMA WILLIAMS is a resident of Corona, in the County of Riverside, California. Plaintiff Williams is a former employee of Defendants. Plaintiff Williams was employed by Defendants in the non-exempt, hourly-paid position of Security Officer at Kaiser Permanente Hospital in Riverside County from approximately June 2021 through January 2022.

8.    Plaintiff AHMIR RINGO is a resident of Los Angeles, California. Plaintiff Ringo is a former employee of Defendants. Plaintiff Ringo was employed by Defendants in the non-exempt, hourly-paid position of Security Officer at Kaiser Permanente West LA in Los Angeles County from approximately April 2021 through September 2021.

9.    Plaintiff KAWANA ANDERSON is a resident of Los Angeles, California. Plaintiff Anderson is a former employee of Defendants. Plaintiff Anderson was employed by Defendants in the non-exempt, hourly-paid position of Security Officer at Kaiser Permanente West LA in Los Angeles County from approximately July 2019 through February 2022.

10.    Plaintiffs allege that they and all other non-exempt hourly employees in the State of California worked under Defendants' policies and as a result, suffered the same violations alleged herein.

11.    Plaintiffs are informed and believe, and based thereon allege, that Defendant BLACKSTONE CONSULTING, INC. is a California Corporation, operating throughout California, including Los Angeles, San Diego, and Riverside counties, that hires, manages, and provides service employees to hospitals, schools, universities, and industrial sites.

12.    Pursuant to California Labor Code sections 558 and 558.1, Defendants are employers of Plaintiffs, and/or persons acting on behalf of Plaintiff's employer, who violated, or caused to be violated, any provision

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

regulating minimum wages or hours and days of work in the applicable order of the Industrial Welfare Commission, as well as California Labor Code sections 201-204, 226, 226.7, 227.3, 510, 512, 1194, 1197, 1198, 2802, and 2804.

13.     At all times relevant BLACKSTONE CONSULTING, INC. did, and does, transact and conduct business in the state of California and within the jurisdiction of the Court. At all times relevant, BLACKSTONE CONSULTING, INC. was Plaintiffs' employer for purposes of the California wage and hour laws at issue in this action.

14.     Plaintiffs are unaware of the true names, capacities, relationships, and extent of participation in the conduct alleged of Defendants sued as DOES 1 through 10, but are informed and believe, and based thereon allege, that DOE Defendants are legally responsible for the wrongful conduct alleged, and sue these Defendants by such fictitious names. Plaintiffs will amend this complaint when their true names and capabilities are ascertained.

15.     Plaintiffs are informed and believe and, based thereon allege, that each Defendants, directly or indirectly, or through agents or other persons, employed Plaintiffs and other aggrieved and similarly-situated employees, and exercised control over their wages, hours, and working conditions. Plaintiffs are informed and believe, and based thereon allege, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.

## IV.

## **GENERAL ALLEGATIONS**

16.     At all times during the Class and PAGA Periods, Plaintiffs and aggrieved and similarly-situated current and former non-exempt, hourly employees were employed by Defendants and each of them, including DOE Defendants, within the state of California.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 4 -

17.    During the Class and PAGA Periods, Defendants maintained common policies and practices applicable to Defendants' employees, including Plaintiffs, which resulted in Defendants' failure to: pay required minimum, regular, and overtime wages for all time worked or spent under the Defendants' control due to Defendants' unlawful time rounding policy; provide all lawful meal and rest periods or pay an hour's worth of pay in lieu thereof; provide accurate, itemized wage statements; maintain accurate records; pay vacation wages owed upon separation; reimburse business expenses; and timely pay all wages due during employment and upon separation from employment.

18.    The California Labor Code and applicable IWC Wage Order and portions of the California Code of Regulations provide (1) that all persons employed in the State of California shall be presumed to be an hourly or non-exempt employee; (2) that all "hours worked" and subject to the control of the employer, whether exercised or not, are to be paid at least the minimum wage as determined by the State of California, and for overtime wages at 1.5 times the regular rate of pay when "hours worked" exceed 8 hours in a single day or shift, or 40 hours in a 168-total hour work or 2.0 times the regular rate of pay when "hours worked" exceed 12 hours in a single day or shift, or 8 hours on the seventh day of work in a workweek. Labor Code sections 1194, *et seq.* provide that notwithstanding any agreement to work for a lesser wage, an employee receiving less than the legal overtime or minimum wage compensation is entitled to recover in a civil action the unpaid balance of their owed compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

19.    Plaintiffs and all aggrieved and similarly-situated employees are covered by one or more IWC Wage Order ("Wage Orders"), Labor Code section 510, and/or other applicable wage orders, regulations, and statutes, and each aggrieved and similarly-situated employee was not subject to an exemption for executive, administrative, or professional employees, or any other exemption.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 5 -

Therefore, Defendants are and were obligated to pay Plaintiffs and aggrieved and similarly-situated employees lawful minimum and overtime compensation, as well as to provide statutory meal and rest periods.

20.    Plaintiffs and each aggrieved and similarly-situated employee worked in excess of the maximum regular rate hours set by the IWC in the above Wage Orders, regulations, or statutes, and are therefore entitled to appropriate overtime compensation at 1.5 times their regular rates of pay, and when applicable, 2.0 times their regular rates of pay as set forth by the above Wage Orders, regulations, and/or statutes.

21.    During the Class and PAGA Periods, Defendants maintained a common policy and practice of failing to pay Plaintiffs and other aggrieved and similarly-situated employees for all hours worked. Specifically, Plaintiffs and other aggrieved and similarly-situated employees were subjected to a uniform policy and practice of unlawful time rounding.

22.    That is, Defendants did not pay Plaintiffs and other aggrieved and similarly-situated employees precisely for all hours worked. Instead, Defendants rounded employees' hours based on scheduled hours of work and/or to the nearest quarter hour. Over time, these rounding practices unlawfully favored Defendants and resulted in time lost to employees, including Plaintiffs. This rounding policy was not neutral on its face or in application, and resulted in a cumulative loss of time to Plaintiffs and other aggrieved and similarly-situated employees.

23.    Defendants had the ability to pay for the precise hours worked, but opted instead to utilize the rounding policy with no apparent benefit other than to benefit Defendants and deprive employees of payment for all hours worked. Strict rules regarding punctuality also favored Defendants. For instance, Plaintiffs and other aggrieved and similarly-situated employees were told they must clock in exactly at the start of their shift, or they would be considered late. To avoid being late, Plaintiffs and other aggrieved and similarly-situated employees sometimes

COHELAN & KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 6 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

clocked in a few minutes early. As a result, Plaintiffs and other employees were not paid all minimum and regular wages for all hours worked. When the employees worked overtime, the rounding policy also resulted in the failure to pay all overtime wages for all overtime hours worked. As a result, Plaintiffs and other employees were not paid all minimum, regular, and overtime wages for all hours worked.

24.    During the Class and PAGA Periods, Plaintiffs and other aggrieved and similarly-situated employees were also not paid all applicable minimum, regular, and overtime wages for the time spent working during purported meal periods.

25.    During the Class and PAGA Periods, Defendants subjected Plaintiffs and all aggrieved and similarly-situated employees to policies and practices which failed to provide compliant meal and rest periods.

26.    Plaintiffs and other aggrieved and similarly-situated employees were not provided an opportunity for each shift to take a timely, thirty-minute, uninterrupted, off-duty meal period before the end of the fifth hour of work. Plaintiffs and other aggrieved and similarly-situated employees had to be relieved by a dispatcher or supervisor in order to take their meal periods. Because of this, Plaintiffs and other aggrieved and similarly-situated employees often could not take their meal periods before the end of the fifth hour of work. When meal periods were provided, they were often late, short, or interrupted. Plaintiffs and other aggrieved and similarly-situated employees were required to keep their radios on during meal periods, and they were often interrupted by dispatch on their radios during these meal periods.

27.    Further, Plaintiffs and other aggrieved and similarly-situated employees were not provided an opportunity to take a second uninterrupted, off-duty, thirty-minute meal period on shifts lasting more than ten hours before the end of the tenth hour of work.

- 7 -

28.    Plaintiffs and other aggrieved and similarly-situated employees were also not authorized or permitted to take all off-duty rest periods of at least 10 minutes to which they were entitled.

29.    During the Class and PAGA Periods, Defendants never paid one hour of wages at a regular rate of pay for each shift in which a compliant rest or meal period was not provided, as required by Labor Code section 226.7 and Sections 11 and 12 of the applicable Wage Order.

30.    During the Class and PAGA Periods, Defendants failed to provide accurate wage statements to Plaintiffs and other aggrieved and similarly-situated employees. The paystubs provided to Plaintiffs and other aggrieved and similarly-situated employees did not contain all accurate information as required by Labor Code section 226(a). For instance, because Defendants failed to pay all minimum, regular, and overtime wages, all meal and rest period premium wages, and all vacation wages, Defendants failed to accurately set forth the total gross wages earned, net wages earned, total hours worked, and all applicable hourly rates in effect and the total number of hours worked at each rate.

31.    During the Class and PAGA Periods, Defendants failed to record (and maintain records) reflecting when the employees began and ended each work period and meal period. Plaintiffs and other aggrieved and similarly-situated employees were told not to clock in and out for lunch, but to write down their meal period start and end times on a piece of paper, daily. On information and belief, these handwritten records were not properly maintained by Defendants. Defendants further failed to accurately record the total hours worked, due to its rounding policy.

32.    During the Class and PAGA Periods, Defendants failed to pay all vacation wages owed to Plaintiffs and other aggrieved and similarly-situated employees. Defendants did not pay all vacation wages earned and vested upon termination of employment. For instance, Plaintiff Scott's vacation wages were

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

paid on February 25, 2021. Her last day of employment was on or around March 4, 2021. However, Defendant did not pay any vacation wages for the time accrued between February 25, 2021 and March 4, 2021. Thus, Defendants failed to pay vacation wages that were accrued and earned between the time that she received her vacation wages and the final day of her employment. On information and belief, Defendant maintained a practice and policy of failing to pay all vacation wages to all other aggrieved and similarly-situated employees. During the Class and PAGA Periods, because Defendants failed to pay all earned minimum, regular, and overtime wages to Plaintiffs and aggrieved and similarly-situated employees, Defendants failed to timely pay wages due during employment.

33.    During the Class and PAGA Periods, Defendants maintained a regular practice of failing to pay separated employees all wages owed within the time requirements of Labor Code sections 201- 202 because it did not pay all wages earned, including but not limited to all meal and rest period premium wages; all vacation wages, and all minimum, regular and overtime wages due to rounding as set forth herein.

34.    Defendants also did not pay a day's wages for every day final pay was not paid through the date final wages were paid, as required by Labor Code section 203. Plaintiffs are informed and believe that Defendants have no policy or practice to comply with Labor Code sections 201, 202, and 203 as to all separated employees in California by timely paying final wages and paying waiting time penalty wages when failing to timely pay final wages.

35.    During the Class and PAGA Periods, Defendants maintained a regular practice of failing to reimburse employees for their business expenses. For instance, Defendants required Plaintiffs and other aggrieved and similarly-situated employees to download the Valliant application on their personal cell phones in order to clock in and out from work so that Defendants could keep

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

track of these employees' hours worked. Defendants did not reimburse Plaintiffs and other aggrieved and similarly-situated employees for this business-related cell phone use and the accompanying expenses.

36.    During the Class and PAGA Periods, Plaintiffs further allege, based on personal experiences and observations, that the violations of the Labor Code described herein were suffered by other current and former non-exempt, hourly employees of Defendants.

## V.

## CLASS ACTION ALLEGATIONS

37.    Plaintiffs bring this class action on behalf of themselves and all others similarly situated pursuant to Federal Rules of Civil Procedure, Rule 23. The members of the Class are defined as follows:

> All individuals employed by Defendants to work at Kaiser Permanente facilities and hospitals in the State of California as hourly, non-exempt employees at any time four years prior to the filing of this complaint until the time of trial in this action ("the Class" or "Class").

38.    Plaintiffs also seek to certify a subclass of employees defined as:

> Plaintiff Subclass One ("Overtime Wages Subclass")
> All members of the Class who, within the applicable limitations period, were worked any overtime hours warranting the payment of overtime wages.

39.    Plaintiffs also seek to certify a subclass of employees defined as:

> Plaintiff Subclass Two ("First Meal Period Subclass")
> All members of the Class who, within the applicable limitations period, worked a shift of five hours or more.

40.    Plaintiffs also seek to certify a subclass of employees defined as:

> Plaintiff Subclass Three ("Second Meal Period Subclass")
> All members of the Class who, within the applicable limitations period, worked a shift of ten hours or more.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 10 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

41.    Plaintiffs also seek to certify a subclass of employees defined as:

Plaintiff Subclass Four ("Rest Period Subclass")

All members of the Class who, within the applicable limitations period, worked a shift of 3.5 hours more.

42.    Plaintiffs also seek to certify a subclass of employees defined as:

Plaintiff Subclass Five ("Waiting Time Subclass")

All members of the Class who, within the applicable limitations period, either voluntarily or involuntarily separated from their employment.

43.    Plaintiffs also seek to certify a subclass of employees defined as:

Plaintiff Subclass Six ("Vacation Wages Subclass")

All members of the Class who earned vacation wages within the applicable limitations period and who were either voluntarily or involuntarily separated from their employment.

44.    Plaintiffs also seek to certify a subclass of employees defined as:

Plaintiff Subclass Seven ("Expense Reimbursement Subclass")

All members of the Class who, within the applicable limitations period, used his or her cell phone during the course of employment.

45.    Plaintiffs reserve the right under Federal Rules of Court, Rules 23(c)(4) and (5) and other applicable law to amend or modify the class definition with respect to issues or in any other ways. Plaintiffs are the Named Representatives and are members of the Class. Plaintiffs seek class-wide recovery based on the allegations set forth in this complaint. The Court can define the Class and create additional subclasses as may be necessary or desirable to adjudicate common issues and claims of the Class Members if, based on discovery of additional facts, the need arises.

46.    As set forth in the Prayer, below, Plaintiffs will move the Court to try the Class Claims before the Court in Equity before trying the legal claims to a trier of fact in this action. See, *Hoopes v. Dolan,* 168 Cal.App.4th 146, 156-157

(2008); *Pellegrino v. Robert Half Intern., Inc.,* 181 Cal.App.4th 713 (2010) ["[B]etter practice" is for "the trial court [to] determine the equitable issues before submitting the legal ones to the jury."]. Same, *Hodge v. Superior Court,* 145 Cal.App.4th 278, 284 (2006) and *Nwosu v. Uba,* 122 Cal.App.4th 1229, 1238, 1244 (2004).

47. This action has been brought and may be maintained as a class action pursuant to Federal Rules of Civil Procedure, Rule 23 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable through the records Defendants are required to keep.

48. <u>Numerosity</u>. The members of the Class are so numerous that individual joinder of all of them as Plaintiffs is impracticable. While the exact number of the Class Members is unknown to Plaintiffs at this time, Plaintiffs are informed and believe, and thereon allege, that there are more than 100 Class Members.

49. <u>Commonality</u>. Common questions of law and fact exist as to all Class Members and predominate over any questions that affect only individual members of the Class. These common questions include, but are not limited to:

    a. Whether Defendants violated Labor Code sections 510, 1197, or 1194 by failing to pay minimum, regular, and/or overtime wages for all hours worked, including time subject to Defendants' control, including due to Defendants' unlawful time rounding policy;

    b. Whether Defendants violated Labor Code sections 201 and/or 202 by not paying Class Members who are no longer employed by Defendants all earned wages upon their termination of employment; and if so, whether such violations were "willful" within the meaning of Labor Code section 203;

    c. Whether Defendants violated Labor Code section 226 by failing to include all required accurate information on employees' wage

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 12 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

statements, and if so, whether this failure was willful;

d. Whether Defendants violated Labor Code sections 512 and 226.7, and section 11 of the applicable wage order, by failing to provide compliant first and second meal periods, or pay one hour of pay in lieu thereof for each missed, untimely, or interrupted meal period;

e. Whether Defendants violated Labor Code section 226.7 and section 12 of the applicable wage order by failing to provide compliant rest periods, or pay one hour of pay in lieu thereof for each non-compliant or missed rest period;

f. Whether Defendants violated Labor Code section 227.3 by failing to pay all vacation wages owed to employees upon termination of employment;

g. Whether Defendants violations Labor Code section 2802 by failing to reimburse business expenses, including but not limited to cell phone expenses;

h. Whether Defendants engaged in business acts or practices which violate California's Unfair Competition Law ("UCL") as it relates to their policies and   practices as to wages and pay;

i. To what extent any injuries were sustained by the Class and Plaintiff Subclass Members and the appropriate type and/or measure of damages; and

j. To what extent each Defendant, including each DOE defendant, is liable to the Class and Plaintiff Subclass Members.

50.    Typicality.  Plaintiffs' claims are typical of the claims of the other members of the Class. Plaintiffs and other members of the Class were subject to the same policies and practices of Defendants resulting in underpayment for straight-time and overtime hours, in part due to rounding. Defendants failed to provide accurate, itemized wage statements to Plaintiffs and members of the

- 13 -

Class. Defendants did not provide compliant meal or rest periods or pay premiums in lieu thereof. Defendants also failed to pay all wages, including vacation wages, owed to Plaintiffs and Class Members upon termination of employment.

51.    <u>Adequacy</u>.  Plaintiffs will adequately and fairly protect the interests of the members of the Class. Plaintiffs have no interest adverse to the interests of absent Class Members. Plaintiffs are represented by attorneys who have substantial experience in wage-and-hour and class action law.

52.    <u>Superiority</u>.  A class action is superior to other available means for fair and efficient adjudication of the claims of the Class and would be beneficial for the parties and the Court. Class action treatment will allow a large number of similarly-situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. The damages suffered by each Class Member are relatively small in the sense pertinent to class action analysis, and the expense and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to seek and obtain individual relief. A class action will serve an important public interest by permitting such individuals to effectively pursue recovery of the sums owed to them. Further, class litigation prevents the potential for inconsistent or contradictory judgments raised by individual litigation.

# VI.
# CAUSES OF ACTION

## FIRST CAUSE OF ACTION
### FAILURE TO PAY MINIMUM, REGULAR, AND OVERTIME WAGES
**(Labor Code §§ 204, 510, 1194, 1194.2, 1197, and 1198)**
**(On Behalf of Plaintiffs, the Class, and the Overtime Wages Subclass Against Each Defendant)**

53.    Plaintiffs incorporate and re-allege the preceding paragraphs as if set

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 14 -

forth in full herein.

54.    Labor Code section 1197 states: "The minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than minimum so fixed is unlawful."

55.    Labor Code section 1198 states: "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

56.    Labor Code section 1194 states: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit."

57.    Labor Code section 1194.2 allows employees to seek liquidated damages equal to the amount of minimum wages unlawfully withheld, plus interest.

58.    Section 4 of the applicable IWC Wage Order provides that an employer may not pay employees less than the applicable minimum wage for all hours worked.

59.    Labor Code section 510 provides in pertinent part: "Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

60.    Section 3 of the applicable IWC Wage Order provides that an employer may not pay non-exempt employees less than the applicable overtime rate for all overtime hours worked.

61.    Labor Code section 204 states, in pertinent part: "All wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays."

62.    As set forth herein, Defendants willfully breached their obligation and failed to pay Plaintiffs and Members of the Minimum Wages and Overtime Wages Subclasses all minimum, regular, and overtime wages for all hours worked, including due to Defendants' unlawful rounding policy, all in violation of Labor Code sections 204, 510, 1197, 1194 and 1198 and the applicable Wage Order.

63.    As a result of the unlawful acts of Defendants, Plaintiffs and the Minimum Wages and Overtime Wages Subclasses Plaintiffs seek to represent have been deprived of wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest thereon, liquidated damages in an amount equal to the minimum wages unlawfully unpaid, attorneys' fees, and costs to the fullest extent permitted by law.

64.    Plaintiffs, and the Minimum Wages and Overtime Wages Subclasses they seek to represent, request relief as described below.

///

///

///

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 16 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

### SECOND CAUSE OF ACTION
**FAILURE TO PROVIDE MEAL PERIODS OR PAY IN LIEU THEREOF**
**(Labor Code §§ 226.7 and 512; § 11 of the Applicable IWC Wage Order)**
**(On Behalf of Plaintiffs, the Class, and the First and Second Meal Period Subclasses Against Each Defendant)**

65.     Plaintiffs incorporate and re-allege the preceding paragraphs as if set forth in full herein.

66.     At all relevant times during the Class Period, Plaintiffs and all other members of the Class were employees of Defendants covered by Labor Code sections 226.7 and 512, and the applicable Wage Order.

67.     Labor Code section 512(a) provides:

> An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

68.     Labor Code section 226.7 provides:

> (b) An employer shall not require any employee to work during any meal or rest… period mandated pursuant to… an applicable… order of the Industrial Welfare Commission.

> (c) If an employee fails to provide an employee a meal period or rest period… in accordance with… an applicable… order of the Industrial Welfare Commission,… the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal period or rest period… is not provided.

69.     Section 11(A) of the applicable Wage Order provides, in pertinent part: "No employer shall employ any person for a work period of more than five

- 17 -

(5) hours without a meal period of not less than 30 minutes…"

70.    Section 11(B) of the applicable Wage Order provides, in pertinent part: "An employer may not an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes…"

71.    As set forth herein, Defendants failed to provide Plaintiffs and Members of the First and Second Meal Period Subclasses with compliant meal periods as provided in Labor Code sections 226.7 and 512, and failed to pay them the additional pay at the employee's regular rate of compensation for each work day such a meal period was not provided in lieu thereof.

72.    As a result of Defendants' failure to comply with their obligations under Labor Code sections 226.7 and 512, and the applicable Wage Order, Plaintiffs and the Members of the First and Second Meal Period Subclasses have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed for the Defendants' failure to provide meal periods as required by law.

73.    Plaintiffs and the First and Second Meal Period Subclasses they seek to represent are entitled to recover the full amount of their unpaid additional pay for Defendants' failure to provide statutory meal periods as required by law. Pursuant to Labor Code section 218.6, Plaintiff and other Members of the First and Second Meal Period Subclasses are entitled to recover prejudgment interest on the amount of the additional pay owed.

74.    Plaintiffs, and the First and Second Meal Period Subclasses they seek to represent, request relief as described below.

///

///

///

///

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 18 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

### THIRD CAUSE OF ACTION
**FAILURE TO PROVIDE REST PERIODS OR PAY IN LIEU THEREOF**
**(Cal. Labor Code § 226.7; § 12 of the Applicable IWC Wage Order)**
**(On behalf of Plaintiffs, the Class, and the Rest Period Subclass Against Each Defendant)**

75. Plaintiffs incorporate and re-allege the preceding paragraphs as if set forth in full herein.

76. At all relevant times during the Class Period, Plaintiffs and all other members of the Class were employees of Defendants covered by Labor Code section 226.7 and the applicable Wage Order.

77. Labor Code section 226.7 provides:

> (b) An employer shall not require any employee to work during any meal or rest… period mandated pursuant to… an applicable… order of the Industrial Welfare Commission.

> (c) If an employee fails to provide an employee a meal period or rest period… in accordance with… an applicable… order of the Industrial Welfare Commission,… the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal period or rest period… is not provided.

78. Section 12(A) of the applicable Wage Order provides, in pertinent part:

> "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (31/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

79. Section 12(B) of the applicable wage order provides, in pertinent part: "If an employer fails to provide an employee a rest period in accordance

- 19 -

Second Amended Complaint                    Case No. 21CV1470 MMA (KSC)

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

80.    As set forth herein, Defendants failed to provide Plaintiffs and members of the Rest Period Subclass with compliant rest periods as provided in Labor Code section 226.7 and failed to pay them the additional pay at the employee's regular rate of compensation for each workday in lieu of providing timely, off-duty rest period(s).

81.    As a result of Defendants' failure to comply with their obligations under Labor Code section 226.7 and the applicable Wage Order, Plaintiffs and the Members of the Rest Period Subclass have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed for the Defendants' failure to provide rest periods as required by law.

82.    Plaintiffs and the Rest Period Subclass they seek to represent are entitled to recover the full amount of their unpaid additional pay for Defendants' failure to provide statutory rest periods as required by law. Pursuant to Labor Code section 218.6, Plaintiffs and other members of the Rest Period Subclass are entitled to recover prejudgment interest on the amount of the additional pay owed.

83.    Plaintiffs, and the Rest Period Subclass they seek to represent, request relief as described below.

## FOURTH CAUSE OF ACTION
### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS
### (Labor Code §§ 226 and 1174)
### (On Behalf of Plaintiffs and the Class Against Each Defendant)

84.    Plaintiffs incorporate and re-allege the preceding paragraphs as if set forth in full herein.

85.    Labor Code section 226, subdivision (a) requires Defendants to itemize in wage statements total hours worked by Plaintiffs and members of the Class, along with gross and net wages earned, and all applicable hourly rates and

- 20 -

the total number of hours worked at each corresponding rate.

86.     Labor Code section 1174 requires Defendants to maintain and preserve, in a centralized location, among other items, records "showing the names and addresses of all employees employed" and "payroll records showing the hours worked daily by, and wages paid to," their employees.

87.     Section 7 of the applicable Wage Order requires Defendants to maintain time records showing, including but not limited to, when the employee begins and ends each work period and meal period, split shift intervals, and total daily hours worked in itemized wage statements, and must show all deductions from payment of wages, and accurately report total hours worked by Plaintiffs and members of the Class.

88.     As set forth herein, Defendants failed to provide accurate itemized wage statements reflecting all of the required information, all in violation of Labor Code section 226. Defendants have knowingly and intentionally failed to comply with Labor Code section 226, subdivision (a) on each and every wage statement that should have been provided to Plaintiffs and members of the Class by failing to list the correct total hours worked, gross and net wages earned, and all applicable hourly rates and the total number of hours worked at each rate. Defendants also failed to maintain accurate records of when employees began and ended work and meal periods, in violation of Labor Code section 1174.

89.     Plaintiffs and members of the Class suffered injuries as a result of Defendants' intentional and knowing failure to provide Plaintiffs and Class Members with accurate wage statements and to maintain the writings required by Labor Code section 226(a).

90.     As a result of the unlawful acts of Defendants, Plaintiffs and members of the Class have suffered and continue to suffer substantial injuries, losses and actual damages related to Defendants' violations, including lost wages, lost interest on such wages, and expenses and attorney's fees in seeking to compel

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Defendants to fully perform their obligations.

91.    Plaintiffs, and the Class they seek to represent, request relief as described below.

### FIFTH CAUSE OF ACTION
### FAILURE TO PAY VACATION WAGES
### (Labor Code § 227.3)
### (On Behalf of Plaintiffs, the Class, and the Vacation Wages Subclass Against Each Defendant)

92.    Plaintiffs incorporate and re-allege the preceding paragraphs as if set forth in full herein.

93.    Labor Code section 227.3 provides: "Unless otherwise provided by a collective-bargaining agreement, whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served; provided, however, that an employment contract or employer policy shall not provide for forfeiture of vested vacation time upon termination. The Labor Commissioner or a designated representative, in the resolution of any dispute with regard to vested vacation time, shall apply the principles of equity and fairness."

94.    As set forth herein, Defendants failed to pay all vacation wages earned and vested to employees upon termination of their employment, in violation of Labor Code section 227.3.

95.    As a result of the unlawful acts of Defendants, Plaintiffs and the Vacation Wages Subclass Plaintiffs seek to represent have been deprived of vacation wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest thereon, attorneys' fees, and costs to the fullest extent permitted by law.

96.    Plaintiffs, and the Vacation Wages Subclass they seek to represent,

request relief as described below.

## SIXTH CAUSE OF ACTION
### FAILURE TO PAY WAGES TIMELY TO SEPARATED EMPLOYEES
### (Labor Code §§ 201-203)
### (On Behalf of Plaintiffs, the Class, and the Waiting Time Subclass Against Each Defendant)

97.    Plaintiffs incorporate and re-allege the preceding paragraphs as if set forth in full herein.

98.    Labor Code sections 201 and 202 require Defendants to pay employees all wages due no later than 72 hours after resignation from employment, or immediately in the case of discharge by the employer. Labor Code section 203 provides that if an employer willfully fails to timely pay such wages, then the employer must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced. The penalty cannot exceed 30 days of wages.

99.    Defendants willfully failed to timely pay wages to employees who were voluntarily and/or involuntarily were terminated from their employment within the time requirements set forth in Labor Code sections 201 and 202. Plaintiffs are informed and believe that Defendants' pay practices are continuing such that current employees are not being timely paid wages as they work in violation of law.

100.    More than 30 days have passed since Plaintiffs and members of the Waiting Time Subclass have left Defendants' employ.

101.    As set forth herein, Plaintiffs and the proposed Waiting Time Subclass are entitled to compensation for unpaid minimum, regular, and overtime wages, and premium wages for non-compliant meal and rest periods, but to date have not received such compensation.

102.    As a consequence of Defendants' willful conduct in not paying wages owed, separated members of the Class are entitled to 30 days' wages as a

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 23 -

penalty under Labor Code section 203 for failure to pay legal wages, with interest and attorneys' fees and costs.

103.    Plaintiffs, and the Waiting Time Subclass they seek to represent, request relief as described below.

### SEVENTH CAUSE OF ACTION
### FAILURE TO REIMBURSE BUSINESS EXPENSES
**(Labor Code §§ 2802 and 2804)**
**(On Behalf of Plaintiffs, the Class, and the Expense Reimbursement Subclass Against Each Defendant)**

104.    Plaintiffs incorporate and re-allege the preceding paragraphs as if set forth in full herein.

105.    Labor Code section 2802(a) states: "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

106.    Labor Code section 2804 provides that this right to reimbursement cannot be waived.

107.    Defendants failed to reimburse Plaintiffs and similarly-situated employees for necessary business expenses, including but not limited to cell phone expenses.

108.    As set forth herein, Plaintiffs and the proposed Expense Reimbursement Subclass are entitled to reimbursement for business expenses.

109.    Plaintiffs, and the Expense Reimbursement Subclass they seek to represent, request relief as described below.

### EIGHTH CAUSE OF ACTION
### VIOLATIONS OF THE UNFAIR COMPETITION LAW
**(Business and Professions Code §§ 17200, *et seq.*)**
**(On Behalf of Plaintiffs and the Class Against Each Defendant)**

110.    Plaintiffs incorporate and re-allege the preceding paragraphs as if set

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

forth in full herein.

111.   Defendants' systematic and routine failure to pay minimum, regular, and overtime wages, meal and rest period premiums, and vacation wages constitutes unlawful, deceptive, and unfair business acts or practices within the meaning of Business and Professions Code sections 17200, *et seq*. These practices violated the applicable State of California Industrial Welfare Commission Wage Orders, regulations and statutes, or are practices which are otherwise unfair, deceptive, and unlawful.

112.   This cause of action is brought under Business and Professions Code sections 17203 and 17204, commonly called the Unfair Competition Law. Under this cause of action and pursuant to Business and Professions Code section 17208, Plaintiffs and members of the proposed Class seek restitution of premium wages and other pay owed, where such wages were due during the Class Period, according to proof.

113.   This cause of action is brought as a cumulative remedy as provided in Business and Professions Code section 17205, and is intended as an alternative remedy for restitution for Plaintiffs, the Class," the "Overtime Wages Subclass," the "First Meal Period Subclass," the "Second Meal Period Subclass," the "Rest Period Subclass," the "Expense Reimbursement Subclass," and/or the "Vacation Wages Subclass" for any portion of time commencing within three (3) years before filing this complaint, and as the primary remedy for Plaintiffs and aforementioned Subclasses for any portion of time during the *fourth year* before filing this Complaint, as this period of time exceeds the general three-year statute of limitations on statutory wage claims, and is a basis for restitution for all wage claims on an equitable basis and subject to court adjudication.

114.   As a result of Defendants' unlawful and unfair business practices, described above, the Subclasses listed above have suffered damages and are entitled to restitution in an amount according to proof for a time period of four

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

years prior to the filing of this Complaint and until such time as (1) Defendants cease their unlawful business practices, (2) the commencement of trial, and/or (3) a date otherwise determined by the Court pursuant to the laws of California.

115.   Plaintiffs, on behalf of themselves and the proposed Class, request the violations of each Defendant be enjoined, and other equitable relief be provided, as this court deems proper, including an order requiring Defendants to make tax contributions on the accrued wages in the form of FICA, Social Security, Medicare, Unemployment Insurance, or other appropriate payments. Defendants' conduct, business acts, and practices undermined competition and were done in order to avoid costs other lawful employers comply with in order to avoid payment of full compensation, wages, and statutory penalties owed.

116.   Plaintiffs, and the members of the Class they seek to represent, request relief as described below, including restitution owed, in an amount according to proof, and for reasonable costs of suit and reasonable attorney's fees as provided by the Labor Code, Code of Civil Procedure section 1021.5, or other applicable law.

## NINTH CAUSE OF ACTION
### PAGA CIVIL PEANLTIES FOR FAILURE TO PAY MINIMUM, REGULAR, AND OVERTIME WAGES
### (Labor Code §§ 204, 510, 1194, 1197, 1198, and 2698, *et seq.*)
### (On Behalf of Plaintiffs and each Aggrieved Employee Against Each Defendant)

117.   Plaintiffs incorporate and re-allege the preceding paragraphs as if set forth in full herein.

118.   Labor Code section 2699(a) provides: "Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action

- 26 -

brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3."

119.   Labor Code section 2699(f)(2) states: "For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows… (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation."

120.   During the PAGA Period, as alleged herein, Defendants failed to pay Plaintiffs and other aggrieved employees all minimum, regular, and overtime wages for all hours worked, including due to Defendants' unlawful rounding policy, in violation of Labor Code sections 204, 510, 1194, 1197, and 1198.

121.   As a result, Defendants violated the Labor Code and are liable to Plaintiffs, and other aggrieved employees, for penalties as required by Labor Code sections 558(a)(1)-(2), 1197.1, and 2699(a) or, in the alternative, section 2699(f)(2), as well as attorney's fees and costs all recoverable in an amount according to proof.

122.   Plaintiffs, as representatives of the general public, will and do seek to recover any and all penalties for each and every violation, in an amount according to proof, as to those penalties available pursuant to the PAGA. Funds recovered will be distributed in accordance with the PAGA, with 75% of penalties recovered provided to the LWDA on behalf of the State of California.

///
///
///
///

Second Amended Complaint                              Case No. 21CV1470 MMA (KSC)

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

### TENTH CAUSE OF ACTION
### PAGA CIVIL PEANLTIES FOR FAILURE TO PROVIDE MEAL PERIODS OR PAY IN LIEU THEREOF
### (Labor Code §§ 226.7, 512, and 2698, *et seq.*; § 11 of the Applicable IWC Wage Order)
### (On Behalf of Plaintiffs and each Aggrieved Employee Against Each Defendant)

123.   Plaintiffs incorporate and re-allege the preceding paragraphs as if set forth in full herein.

124.   Labor Code sections 2699(a) and 2699(f) provide for assessment and collection of civil penalties for violations of the labor code, to be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3.

125.   Defendants failed to provide all lawful meal periods as required by law. Plaintiffs and other aggrieved employees were not paid all meal period premiums for non-compliance with Labor Code section 226.7.

126.   During the PAGA Period, as set forth herein, Defendants violated Labor Code sections 226.7, 512 and 1198, as well as the "Meal Periods" section of the applicable IWC Wage Order. As a result, Plaintiffs are entitled to recover, civil penalties and pursuant to Labor Code sections 558(a)(1)-(2) and 2699(a) and (f)(2) attorney's fees, expenses, and costs of suit.

127.   Plaintiffs, as representatives of the general public, will and do seek to recover any and all penalties for each and every violation, in an amount according to proof, as to those penalties available pursuant to the PAGA. Funds recovered will be distributed in accordance with the PAGA, with 75% of penalties recovered provided to the LWDA on behalf of the State of California.

///

///

///

**ELEVENTH CAUSE OF ACTION**
**PAGA CIVIL PEANLTIES FOR FAILURE TO PROVIDE REST PERIODS OR PAY IN LIEU THEREOF**
**(Labor Code §§ 226.7 and 2698, *et seq.*; § 12 of the Applicable IWC Wage Order)**
**(On Behalf of Plaintiffs and each Aggrieved Employee Against Each Defendant)**

128.    Plaintiffs incorporate and re-allege the preceding paragraphs as if set forth in full herein.

129.    Labor Code sections 2699(a) and 2699(f) provide for assessment and collection of civil penalties for violations of the labor code, to be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3.

130.    Defendants failed to authorize and permit all rest periods as required by law. Plaintiffs and other aggrieved employees were not paid all rest period premiums for non-compliance with Labor Code section 226.7.

131.    During the PAGA Period, as set forth herein, Defendants violated Labor Code sections 226.7 and 1198 as well as the "Rest Periods" section of the applicable IWC Wage Order and are liable to Plaintiffs and other aggrieved employees for penalties as required by Cal. Labor Code sections 2699(a) and (f)(2), attorney's fees and costs.

132.    Plaintiffs, as representatives of the general public, will and do seek to recover any and all penalties for each and every violation, in an amount according to proof, as to those penalties available pursuant to the PAGA. Funds recovered will be distributed in accordance with the PAGA, with 75% of penalties recovered provided to the LWDA on behalf of the State of California.

///

///

///

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

## TWELFTH CAUSE OF ACTION
### PAGA CIVIL PEANLTIES FOR FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS
### (Labor Code §§ 226 and 2698, *et seq.*)
### (On Behalf of Plaintiffs and each Aggrieved Employee Against Each Defendant)

133.   Plaintiffs incorporate and re-allege the preceding paragraphs as if set forth in full herein.

134.   Section 226(a) of the California Labor Code requires Defendants to itemize in wage statements total hours worked by Plaintiffs and other aggrieved employees, along with gross and net wages earned, and all applicable hourly rates and the total number of hours worked at each corresponding rate.

135.   Labor Code section 226.3 provides for civil penalties for violations of the Labor Code section 226. The civil penalty is $250 for the initial violation and $1,000 for each subsequent violation.

136.   Labor Code sections 2699(a) and 2699(f) provide for assessment and collection of civil penalties for violations of the labor code, to be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3.

137.   During the PAGA Period, as set forth herein, Defendants failed to provide accurate itemized wage statements in violation of Labor Code section 226(a).

138.   As a result, Defendants willfully violated the Labor Code and are liable to Plaintiffs, and other aggrieved employees, for civil penalties as required by Labor Code sections 226.3 and 2699(a) or, in the alternative, section 2699(f)(2), as well as attorney's fees and costs, all recoverable in an amount according to proof.

139.   Plaintiffs, as representatives of the general public, will and do seek

to recover any and all penalties for each and every violation, in an amount according to proof, as to those penalties available pursuant to the PAGA. Funds recovered will be distributed in accordance with the PAGA, with 75% of penalties recovered provided to the LWDA on behalf of the State of California.

### THIRTEENTH CAUSE OF ACTION
### PAGA CIVIL PEANLTIES FOR FAILURE TO MAINTAIN ACCURATE RECORDS
### (Labor Code §§ 1174, 1198, and 2698, *et seq*.; § 7 of the Applicable IWC Wage Order)
### (On Behalf of Plaintiffs and each Aggrieved Employee Against Each Defendant)

140.    Plaintiffs incorporate and re-allege the preceding paragraphs as if set forth in full herein.

141.    Labor Code section 1174 requires Defendants to maintain and preserve, in a centralized location, among other items, records "showing the names and addresses of all employees employed" and "payroll records showing the hours worked daily by, and wages paid to," their employees.

142.    Section 7 of the applicable Wage Order requires Defendants to maintain time records showing, including but not limited to, when the employee begins and ends each work period and meal period, split shift intervals, and total daily hours worked in itemized wage statements, and must show all deductions from payment of wages, and accurately report total hours worked by Plaintiffs and other aggrieved employees.

143.    Labor Code section 1198 states: "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

144.    Labor Code Section 1174.5 provides: "Any person employing labor who willfully fails to maintain the records required by subdivision (c) of Section

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 31 -

1174 or accurate and complete records required by subdivision (d) of Section 1174, or to allow any member of the commission or employees of the division to inspect records pursuant to subdivision (b) of Section 1174, shall be subject to a civil penalty of five hundred dollars ($500)."

145.   Labor Code sections 2699(a) and 2699(f) provide for assessment and collection of civil penalties for violations of the labor code, to be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3.

146.   During the PAGA Period, as set forth herein, Defendants failed to maintain accurate records in violation of Labor Code sections 1174 and 1198 and section 7 of the applicable Wage Order.

147.   As a result, Defendants willfully violated the Labor Code and are liable to Plaintiffs, and other aggrieved employees, for civil penalties as required by Labor Code sections 1174.5 and 2699(a) or, in the alternative, section 2699(f)(2), as well as attorney's fees and costs, all recoverable in an amount according to proof.

148.   Plaintiffs, as representatives of the general public, will and do seek to recover any and all penalties for each and every violation, in an amount according to proof, as to those penalties available pursuant to the PAGA. Funds recovered will be distributed in accordance with the PAGA, with 75% of penalties recovered provided to the LWDA on behalf of the State of California.

### FOURTEENTH CAUSE OF ACTION
### PAGA CIVIL PEANLTIES FOR FAILURE TO PROVIDE VACATION WAGES
### (Labor Code §§ 227.3 and 2698, *et seq.*)
### (On Behalf of Plaintiffs and each Aggrieved Employee Against Each Defendant)

149.   Plaintiffs incorporate and re-allege the preceding paragraphs as if set

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

forth in full herein.

150. Labor Code sections 2699(a) and 2699(f) provide for assessment and collection of civil penalties for violations of the labor code, to be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3.

151. During the PAGA Period, as set forth herein, Defendants failed to provide vacation wages in violation of Labor Code section 227.3.

152. As a result, Defendants willfully violated the Labor Code and are liable to Plaintiffs, and other aggrieved employees, for civil penalties as required by Labor Code section 2699(a) or, in the alternative, section 2699(f)(2), as well as attorney's fees and costs, all recoverable in an amount according to proof.

153. Plaintiffs, as representatives of the general public, will and do seek to recover any and all penalties for each and every violation, in an amount according to proof, as to those penalties available pursuant to the PAGA. Funds recovered will be distributed in accordance with the PAGA, with 75% of penalties recovered provided to the LWDA on behalf of the State of California.

## FIFTEENTH CAUSE OF ACTION
**PAGA CIVIL PEANLTIES FOR FAILURE TO TIMELY PAY WAGES DUE DURING EMPLOYMENT AND UPON SEPARATION FROM EMPLOYMENT**
**(Labor Code §§ 201-204, 210, 256, and 2698, *et seq*.)**
**(On Behalf of Plaintiffs and each Aggrieved Employee Against Each Defendant)**

154. Plaintiffs incorporate and re-allege the preceding paragraphs as if set forth in full herein.

155. Labor Code section 204(a) states, in pertinent part: "All wages . . . earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays." Section 204(d) states: "The requirements of this section shall be

- 33 -

deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven calendar days following the close of the payroll period."

156.   Labor Code sections 201-202 require the payment of final wages to terminated employees immediately and voluntarily separating employees within 72 hours. Labor Code section 203 provides for waiting time penalties.

157.   Labor Code section 210(a) provides: "(a) In addition to, ***and entirely independent and apart from***, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 204.11, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee. (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld." [Emphasis added.]

158.   California Labor Code section 256 states that a civil penalty shall be imposed "in an amount not exceeding 30 days' pay as waiting time under the terms of Section 203."

159.   Labor Code sections 2699(a) and 2699(f) provide for assessment and collection of civil penalties for violations of the labor code, to be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3.

160.   During the PAGA Period, as set forth herein, Defendants failed to pay all wages and penalties owed to Plaintiffs and other aggrieved employees within the time required by Cal. Labor Code sections 201-204. Defendants further failed to pay all waiting time penalties as required by Labor Code section 203.

161.   As a result, Defendants violated the Labor Code sections 201-204

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 34 -

and are liable to Plaintiffs, and other aggrieved employees, for penalties and restitution as required by Labor Code sections 210, 256, and 2699(a), or, in the alternative, section 2699(f)(2), and recoverable in an amount according to proof.

162.    Plaintiffs, as representatives of the general public, will and does seek to recover any and all penalties for each and every violation, in an amount according to proof, as to those penalties available pursuant to the PAGA. Funds recovered will be distributed in accordance with the PAGA, with 75% of penalties recovered provided to the LWDA on behalf of the State of California.

## SIXTEENTH CAUSE OF ACTION
### PAGA CIVIL PENALTIES FOR FAILURE TO REIMBURSE BUSINESS EXPENSES
### (Labor Code §§ 2802, 2804 and 2698, *et seq.*)
### (On Behalf of Plaintiffs and each Aggrieved Employee Against Each Defendant)

163.    Plaintiffs incorporate and re-allege the preceding paragraphs as if set forth in full herein.

164.    Labor Code sections 2699(a) and 2699(f) provide for assessment and collection of civil penalties for violations of the labor code, to be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3.

165.    During the PAGA Period, as set forth herein, Defendants failed to reimburse business expenses in violation of Labor Code section 227.3.

166.    As a result, Defendants willfully violated the Labor Code and are liable to Plaintiffs, and other aggrieved employees, for civil penalties as required by Labor Code section 2699(a) or, in the alternative, section 2699(f)(2), as well as attorney's fees and costs, all recoverable in an amount according to proof.

167.    Plaintiffs, as representatives of the general public, will and do seek to recover any and all penalties for each and every violation, in an amount

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 35 -

according to proof, as to those penalties available pursuant to the PAGA. Funds recovered will be distributed in accordance with the PAGA, with 75% of penalties recovered provided to the LWDA on behalf of the State of California.

## VII.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs PENNY A. SCOTT, TIFFANY LOCKETT, TOCASHEMA WILLIAMS, AHMIR RINGO, KAWANA ANDERSON, on behalf of themselves and all other aggrieved and similarly-situated employees, pray for judgment as follows:

a.      For certification of this action as a class action pursuant to Federal Rules of Civil Procedure, Rule 23;

b.      For appointment of Plaintiffs as representatives of the Class and Subclasses;

c.      For appointment of counsel for Plaintiffs as Class Counsel;

d.      For an order bifurcating the action into liability and damages stages, or as otherwise efficient for the administration of justice;

e.      On the First Cause of Action, for unpaid minimum, regular, and/or overtime wages as required by Labor Code sections 510, 1194-1197, in an amount according to proof;

f.      On the First Cause of Action, for liquidated damages under Labor Code section 1194.2 for each Class and "Overtime Wages" Subclass Member for unpaid minimum wages under Labor Code section 1194;

g.      On the Second Cause of Action for unpaid Premium Wages for non-compliant meal periods at one hour of regular rate of pay to each "First Meal Period" and "Second Meal Period" Subclass Member pursuant to Labor Code sections 226.7 and 512, and Section 11 of the applicable Wage Order;

h.      On the Third Cause of Action for unpaid Premium Wages for non-compliant rest periods at one hour of regular rate of pay to each "Rest Period"

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Second Amended Complaint                                    Case No. 21CV1470 MMA (KSC)

Subclass Member pursuant to Labor Code section 226.7 and Section 12 of the applicable Wage Order;

i. On the Fourth Cause of Action for statutory damages and penalties under Labor Code sections 226(e) and (g), to the extent provided by law, up to a maximum of $4,000.00 per Class Member, in an amount according to proof;

j. On the Fifth Cause of Action, for unpaid vacation wages as required by Labor Code section 227.3, in an amount according to proof;

k. On the Sixth Cause of Action, for statutory damages of up to 30 days of pay at the regular rate of pay for failing to timely remit payment of wages to former employees in the "Waiting Time Subclass" pursuant to Labor Code sections 201-203, in an amount according to proof;

l. On the Seventh Cause of Action, for unreimbursed business expenses as required by Labor Code section 2802, in an amount according to proof;

m. On the Eighth Cause of Action, for the Class, to recover all restitution for minimum, regular, and overtime wages, meal and rest period premiums, vacation wages, and any other form of wages that were not paid to members of the Class during the Class Period as a result of conduct of all Defendants. Said restitution may be calculated in accordance with California Business and Professions Code sections 17203 and 17204, including trial of UCL claims by the Court in equity before legal claims in an amount according to proof;

n. For maintenance of this action as a Representative Action under the PAGA, and providing Plaintiffs and their counsel with all enforcement capability as if this action has been instituted by the Department of Labor Standards enforcement ("DLSE");

o. For recovery of civil penalties as permitted by Labor Code sections 2699(a) and (f)(2), 1197.1, and 558(a)(1)-(2), in an amount according to proof, for failure to pay all minimum, regular, and overtime wages;

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

p.   For recovery of civil penalties as permitted by Labor Code section 226.3, for failing to provide accurate itemized wage statements, in an amount to be assessed and according to proof;

q.   For recovery of civil penalties as permitted by Labor Code section 1174.5, for failing to maintain accurate records, in an amount to be assessed and according to proof;

r.   For recovery of civil penalties as permitted by Labor Code sections 210, for failing to pay wages timely during employment;

s.   For recovery of civil penalties as permitted by Labor Code section 256 for failing to provide wages timely to terminated employees upon separation from employment;

t.   For recovery of civil penalties pursuant to Labor Code section 2699(f)(2), where a statutory civil penalty is not provided, including for unreimbursed business expenses;

u.   For Pre-Judgment and Post-Judgment interest, to the extent permitted by law as to any restitution recovery;

v.   For Attorneys' fees and costs of suit, including expert fees and fees pursuant to California Labor Code sections 218.5, 1194, 2698, and/or Code of Civil Procedure section 1021.5 on a public benefit theory; and all other applicable state laws;

w.   For injunctive relief; and

x.   Such other legal equitable relief as this Court deems necessary, just, equitable and proper.

COHELAN KHOURY & SINGER

By:  Rosemary C. Khoury

Dated: May 17, 2023

          Isam C. Khoury
          Michael D. Singer
          Rosemary C. Khoury
Counsel for Plaintiff PENNY A. SCOTT

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

DIVERSITY LAW GROUP, P.C.
POLARIS LAW GROUP

Dated: May 17, 2023          By:  s/Max W. Gavron
                                  Larry W. Lee
                                  Max W. Gavron
                                  Kwanporn "Mai" Tulyathan
                                  William L. Marder
                             Counsel for Plaintiffs TIFFANY LOCKETT
                             AND TOCASHEMA WILLIAMS

                             LAWYERS for JUSTICE, PC

Dated: May 17, 2023          By:  s/ Edwin Aiwazian
                                  Edwin Aiwazian
                                  Arby Aiwazian
                                  Joanna Ghosh
                             Counsel for Plaintiffs AHMIR RINGO AND
                             KAWANA ANDERSON

## VIII.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial of all claims triable as of right by jury.

                             COHELAN KHOURY & SINGER

Dated: May 17, 2023          By:  s/Rosemary C. Khoury
                                  Isam C. Khoury
                                  Michael D. Singer
                                  Rosemary C. Khoury
                             Counsel for Plaintiff PENNY A. SCOTT

                             DIVERSITY LAW GROUP, P.C.
                             POLARIS LAW GROUP

Dated: May 17, 2023

                             By:  s/Max W. Gavron
                                  Larry W. Lee
                                  Max W. Gavron

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Kwanporn "Mai" Tulyathan
William L. Marder
Counsel for Plaintiffs TIFFANY LOCKETT
AND TOCASHEMA WILLIAMS

LAWYERS for J USTICE, PC

Dated: May 17, 2023          By:  s/ Edwin Aiwazian
_____
                             Edwin Aiwazian
                             Arby Aiwazian
                             Joanna Ghosh
                             Counsel for Plaintiffs AHMIR RINGO AND
                             KAWANA ANDERSON

## **SIGNATURE CERTIFICATION**

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to all signatories herein, and that I have obtained authorization to affix electronic signatures of all signatories to this document.

COHELAN KHOURY & SINGER

Dated: May 17, 2023          By:  s/Rosemary C. Khoury
_____
                             Isam C. Khoury
                             Michael D. Singer
                             Rosemary C. Khoury
                             Counsel for Plaintiff PENNY A. SCOTT

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 40 -

# PROOF OF SERVICE

*Scott v. Blackstone Consulting, Inc.*

U.S.D.C. Case No. 21CV1470 MMA (KSC)

I, Amber Worden, declare as follows:

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to this action. My business address is 605 "C" Street, Suite 200, San Diego, California 92101.

On May 17, 2023, I instituted service of the foregoing document(s) described as:

## SECOND AMENDED CLASS ACTION COMPLAINT

on the following parties:

**Counsel for Defendant**
Pankit J. Doshi, Esq.
Rae Chung, Esq.
MCDERMOTT WILL & EMERY LLP
415 Mission Street, Suite 5600
San Francisco, CA 94105
pdoshi@mwe.com
rchung@mwe.com

in the following manner:

Submitting an electronic version of the document(s) via portable document format (PDF) to the court at https://ecf.casd.uscourts.gov. Service will be deemed effective as provided for by General Order 550 of the District Court of California, Southern District.

I declare that I am employed in the office of a member of the bar of this court at whose direction this service is made.

Executed May 17, 2023, at San Diego, California.

*Amber Worden*

Amber Worden